[Crim. No. 646. Second Appellate District, Division One.—June 6, 1919.]

## THE PEOPLE, Respondent, v. R. KHAN, Appellant.

[1] CRIMINAL LAW—PASSING FICTITIOUS CHECK—DAMAGE TO PAYEE—FRAUDULENT INTENT.—In a prosecution for passing a check without having sufficient funds on deposit in the drawee bank to pay the same, it is not necessary to show the probability that damage may result to the person to whom the check was delivered, in order to establish an intent to defraud within the meaning of section 476a of the Penal Code.

[2] ID.—FRAUDULENT INTENT—ISSUANCE OF CHECK—EXTINGUISHMENT OF DEBT.—In such prosecution, the fraudulent intent is shown

2. Giving of worthless check as false pretense, notes, **Ann. Cas.** 1916E, 736; 52 L. R. A. (N. S.) 919; 27 L. R. A. (N. S.) 1032; 17 L. R. A. (N. S.) 244.

when it is made to appear that the defendant gave the check, representing thereby that it was good and valid, and that it was given and received with the intent that it should pay defendant's debt. It is immaterial as to whether the acceptance of the worthless check actually had the effect of extinguishing the debt.

[3] ID.—CREDIT IN BANK—WHAT CONSTITUTES UNDER CODE SECTION.— A person who, having money in a bank, instructs such bank to honor certain checks only and stops payment on all other checks has no credit with such bank, within the meaning of section 476a of the Penal Code, to meet a check which is not of the class which the bank is instructed to pay.

[4] ID.—REMARKS OF DRAWER AFTER DISHONOR OF CHECK—ADMISSIBILITY.—In such prosecution, the court properly admitted the testimony of the prosecuting witness who told how, after the check had been dishonored at the bank, he accosted the defendant and informed him of the situation, and the latter laughed and responded, "Some time I pay him," for the purpose of showing the guilty knowledge of defendant and as affecting the question of his good intent in passing the check.

[5] ID.—INSTRUCTIONS—OMISSION OF WORD "NOT."—The court does not commit prejudicial error in unintentionally omitting the word "not" in an instruction where, upon the whole instruction, the jury is not misled.

APPEAL from a judgment of the Superior Court of Imperial County. Franklin J. Cole, Judge. Affirmed.

The facts are stated in the opinion of the court.

O. V. Wilson and Jas. W. Glassford for Appellant.

U. S. Webb, Attorney-General, and Joseph L. Lewinsohn, Deputy Attorney-General, for Respondent.

JAMES, J.—Having been convicted of the crime of passing a check without having sufficient funds on deposit in the drawee bank to pay the same, defendant appeals from a judgment of imprisonment entered against him.

The crime charged was that described in section 476a of the Penal Code, which makes it a felony for a person, "with intent to defraud," to draw or deliver to another a check or draft on a bank, knowing at the time that he has not sufficient funds in or credit with the bank to meet the

check. The concluding portion of the section reads as follows: "The word 'credit' as used herein shall be construed to be an arrangement or understanding with the bank or depositary for the payment of such check or draft." The appellant owed the complainant money on account of work done, and the debt being due and payment being demanded, he issued his check to the complainant in payment of the same. The bank refused to cash the check on the ground that there were not sufficient funds available to the credit of appellant for that purpose. Appellant presents two main contentions, to wit: 1. That the check being issued in payment of an antecedent debt which had matured prior to the giving of the check, no crime was shown to have been committed. 2. That under the evidence in the case the conviction was improper, because it was shown that there was on deposit in the drawee bank at the time of the making and delivery of the check more than sufficient money to the credit of appellant to cover the same. Some other errors are assigned which will be later noticed.

[1] Under the first contention appellant insists that, in order for an intent to defraud to exist within the meaning of the section, the probability must appear that damage may result to the person to whom the check is delivered, and that where such check is given for a debt past due and the recipient parts with no new consideration, it is impossible that he may be damaged. We do not think that the words of the section as requiring that an intent to defraud shall exist should be so narrowly construed; we do not think that it is necessary that it be shown, in order to establish such intent, that the recipient of the check be actually defrauded as the result of the passing thereof. [2] To our minds, the fraudulent intent here was shown when it was made to appear that the appellant gave the check, representing thereby that it was good and valid, and that it was given and received with the intent that it should pay appellant's debt. It seems to us immaterial as to whether the acceptance of the worthless check actually had the effect of extinguishing the debt. The language of the court in *People* v. *Wilbur*, 33 Cal. App. 511, [165 Pac. 729], while not fitting the facts here presented, supports our view of the law, where it is said: "And the fact that the check

may be 'a worthless piece of paper' in the hands of the person to whom it was delivered, because it has not been properly indorsed, does not enter as an element into the crime defined by the section upon which the information is based.'' The argument there was that because the check was not in form sufficient to authorize its payment, assuming that the defendant had funds to meet it at the bank, there could be no intent to defraud. The contrary was held in that case.

[3] Under the second point made, the evidence is pointed to which shows that at the time of making the delivery of the check in question, defendant did actually have a credit at the bank of a sum of money in excess of that called for by the check. However, prior to the making of this check, the defendant had delivered to the bank a writing in the following words: ''This is to authorize the American State Bank to honor all checks I write to garages for gasoline. However, payment is stopped on all other checks.'' The president of the bank testified that by this order it was understood between appellant and the bank that no checks drawn by appellant should be honored except those having the word ''gas'' on them. On cross-examination, when it was shown that other checks had been cashed without having the word indicated upon them, he testified that the bank did pay other checks than those bearing the prescribed word where the appellant personally came into the bank with the holder of the check and requested the bank to pay. In other words, that the instructions to the bank were partially oral and partially in writing. Clearly, under this state of facts, the arrangement and understanding with the bank was that the appellant had no credit within the meaning of section 476a of the Penal Code to meet a check drawn as the one in question here was drawn.

As to other points argued: [4] We think the court properly admitted the testimony of the prosecutor who told how, after the check had been dishonored at the bank, he accosted appellant and informed him of the situation, and that appellant laughed and responded. ''Some time I pay him.'' This testimony was entitled to be considered by the jury as indicating the guilty knowledge of appellant and as affecting the question of his good intent in passing the check.

In the view we take of the case, appellant was not entitled to the instructions offered advising the jury that there could be no conviction unless the defendant, at the time of passing the check, obtained something of value from the complainant.   [5]   The evident unintentional omission of the word "not" in one instruction given by the court, we think was without prejudice, because upon the whole instruction the jury could not reasonably have been misled, and if they had misinterpreted the instruction we cannot conclude, considering the text thereof, how it might have operated to prejudice the case of appellant.   The court omitted the word "not" which we show in parenthesis in the instruction which we quote: "It is (not) for you to consider the penalty prescribed for the punishment of the offense and if you are aware of the penalty prescribed by law it is your duty to disregard that knowledge.   In other words, your sole duty is to decide whether defendant is guilty or not guilty of what he is charged with.   The question of punishment is left wholly to the court except as the law circumscribes its power."

We find no errors in this record which would justify an order of reversal.

The judgment appealed from is affirmed.

Conrey, P. J., and Shaw, J., concurred.