[Crim. No. 807. Third Appellate District.—October 10, 1924.]

THE PEOPLE, Respondent, v. S. R. WILLIAMS, Appellant.

[1] CRIMINAL LAW—ISSUING FICTITIOUS CHECK—ABSENCE OF DEFEND-ANT—FLIGHT—EVIDENCE—INSTRUCTIONS.—In this prosecution for the crime of issuing a check without having sufficient funds on deposit in the drawee bank to pay the same, where it appeared that defendant did not appear for arraignment and trial at the time set, and his bond was ordered forfeited and a bench-warrant issued for his apprehension, and he was arrested on such warrant in the southern part of the state, it was not incumbent upon the prosecution or the jury to accept defendant's version of why he was absent, and, although the subject of flight at such a considerable period of time after the passing of the fictitious check may be said to have borne but little weight upon any issues to be determined in the case, it could not be said that the giving of an instruction relative to defendant's alleged flight constituted reversible error.

---

1. See 8 R. C. L. 192; 8 Cal. Jur. 346.

[2] Id. — Fraudulent Intent — Knowledge — Absence of Loss. — When the fictitious check has been drawn, issued, and delivered to the payee with intent to defraud, and there is no money in the bank with which to pay the same, and the drawer has knowledge of such want of funds, the crime is complete, even though the person to whom such check is delivered is not thereby disadvantaged or placed in any worse position than formerly existed.

(1) 17 C. J., p. 399, sec. 3688; p. 368, sec. 3751.    (2) 7 C. J., p. 675, sec. 391.

APPEAL from a judgment of the Superior Court of Sacramento County. Charles O. Busick, Judge. Affirmed.

The facts are stated in the opinion of the court. .

George E. Foote and Howe, Hibbitt & Johnston for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

PLUMMER, J.—The appellant was convicted of the crime of issuing a check without having sufficient funds on deposit in the drawee bank to pay the same. The defendant's motion for a new trial having been denied, he appeals therefrom and from the judgment of conviction rendered herein.

It appears from the transcript that some time prior to the issuance of the check upon which this action is based, to wit, in the month of August, 1923, the defendant sold to one Roy A. Mast certain royalties in oil wells at Signal Hill, in the state of California, for which royalties Mast paid to Williams the sum of two thousand four hundred dollars. At the time of the payment of the said two thousand four hundred dollars Williams agreed to deliver to Mast the following day said royalties or the writings, or whatever instruments he had evidencing the same, or his right thereto. These royalties were not delivered as agreed by the defendant, and

2. Drawing of check on bank in which drawer has no funds or credit, and passing the same, as a false pretense, notes, 8 Ann. Cas. 1069; 14 Ann. Cas. 510; Ann. Cas. 1916E, 736; 17 L. R. A. (N. S.) 244; 27 L. R. A. (N. S.) 1032; 52 L. R. A. (N. S.) 919. See, also, 12 Cal. Jur. 482.

nothing was done in relation thereto until the month of November, when the said Roy A. Mast, being dissatisfied with the nondelivery of the royalties, called upon the defendant and demanded the same or the return of his money. It appears that upon this interview it was agreed between the defendant and Mast that the money should be returned, and the defendant thereupon delivered to Mast a check upon a bank in Stockton for a portion of said sum. This check was returned unpaid on account of there being insufficient funds in the bank at Stockton to meet the same, and thereupon the said Roy A. Mast again called upon the defendant at the Thayer Apartments, in the city of Sacramento, and stated to the defendant the facts concerning the nonpayment of the check theretofore delivered to him by the defendant. Thereupon the defendant drew and delivered to the said Mast a check drawn on the Bank of Sacramento for the sum of one thousand dollars. This check was not paid on account of insufficient funds and is the basis of the present prosecution.

On the part of the appellant it is contended that there was no consideration for the execution and delivery of the check in question, and, also, that at the time of its execution and delivery, the defendant informed the said Roy A. Mast that he did not have sufficient funds in said bank to meet the same, but that he would deposit a sufficient amount to cover the sum of said check within a few days. This statement is denied by the witness Mast. It is also contended by the appellant that the said Roy A. Mast suffered no loss or detriment by reason of the issuance of the check; that he was not defrauded in any particular, and hence, there is no basis for this prosecution, even if the check was a worthless piece of paper. There is sufficient testimony in the transcript to show that a previous transaction had taken place between the defendant and Roy A. Mast, but whether that transaction was of a fraudulent nature on the part of the defendant does not appear further than as it may arise from the inferences drawn from the agreement on the part of Williams to repay Mast the sum of money which he theretofore delivered to the defendant in anticipation of the receipt of certain royalties. Whatever that transaction may have been, it does appear that the defendant and Mast had agreed to the rescission of that transaction and the restoration of the moneys

paid to the defendant therefor, and it was in furtherance of this agreement and understanding that the checks just referred to were issued by the defendant and received by the witness Roy A. Mast.

[1] Objection is also raised by the appellant to an instruction given by the court relative to the defendant's alleged flight. It appears that the defendant did not appear for arraignment and trial at the time set; that his bond had been ordered forfeited and that a bench-warrant was issued for his apprehension, and that the defendant was arrested thereon in the southern part of the state. The defendant gave his explanation of his reasons why he did not appear at the time set, but, it was not incumbent upon the prosecution or the jury to accept his version of why he was absent, and we do not find anything in the record which leads to the conclusion that the giving of the instruction constitutes reversible error, even though the subject of flight at such a considerable period of time after the passing of the fictitious check may be said to have borne but little weight upon any issues to be determined in this case. The evidence of flight under such circumstances would be of such little weight that we think the provisions of section 4½ of article VI of the state constitution would directly apply.

[2] The chief assignment of error relied upon by the appellant for reversal herein is the contention that the said Roy A. Mast was not defrauded; that he parted with nothing of value at the time of the receipt of the worthless check, and that its execution and delivery to him worked no detriment whatsoever. In making this assignment of error, the appellant is confronted with the decision of the appellate court of this state in the case of *People* v. *Kahn,* 41 Cal. App. 393 [182 Pac. 803]. In that case the court, having to do with a similar contention, used the following language: "Under the first contention appellant insists that, in order for an intent to defraud to exist within the meaning of the section, the probability must appear that damage may result to the person to whom the check is delivered, and that where such check is given for a debt past due and the recipient parts with no new consideration, it is impossible that he may be damaged. We do not think that the words of the section as requiring that an intent to defraud shall exist should be

so narrowly construed; we do not think it necessary that it be shown, in order to establish such intent, that the recipient of the check be actually defrauded as the result of the passing thereof. To our minds, the fraudulent intent here was shown when it was made to appear that the appellant gave the check, representing thereby that it was good and valid, and that it was given and received with the intent that it should pay appellant's debt. It seems to us immaterial as to whether the acceptance of the worthless check actually had the effect of extinguishing the debt." A considerable number of civil cases are cited in appellant's brief wherein the principle is set forth that the plaintiff cannot recover in an action of fraud unless the plaintiff has actually been injured or has suffered detriment in some manner. As applied to civil cases, such is undoubtedly the law, but the fact of whether a person to whom a worthless check is delivered does or does not suffer financial detriment has nothing to do whatever with the intent of the drawer of the alleged fictitious or worthless paper. In other words, the intent of the person who issues the check, contrary to the provisions of section 476a of the Penal Code, cannot be made to depend upon the success of the enterprise. When the check has been drawn, issued, and delivered to the payee with intent to defraud, and there is no money in the bank with which to pay the same, and the drawer has knowledge of such want of funds, the crime is complete, even though the person to whom such check is delivered is not thereby disadvantaged or placed in any worse position than formerly existed. We think the case of *People* v. *Kahn, supra,* is decisive upon this point, and were it not, we think that section 476a of the Penal Code is not susceptible of a construction that would make the guilt of the alleged offender dependent upon the actual accomplishment of his intended fraud. In all cases where a debt or obligation exists and a worthless check is given in payment thereof, even though a receipt is executed, it is held that the debt is not paid and the prior obligation still exists. It can scarcely be argued with reason that, under such circumstances, the crime of the offending party would in anywise be lessened because of the fact that the existing legal obligation had not been discharged. If a consideration were necessary, it is evidence that the delay

occasioned by the issuance of such spurious paper would furnish the same. In the case at bar, there is sufficient evidence to show that for some reason or other the defendant was postponing and desiring to postpone action relative to the receipt by him of the two thousand four hundred dollars paid by Roy A. Mast. The issuance of the worthless checks, above referred to, served the purpose of postponement of any action or agitation as to that transaction and constituted, at least, some detriment, but, as above stated, we do not think that actual detriment of the drawee determines in any particular the criminal intention of the drawer of the worthless paper.

The judgment and the order of the trial court are hereby affirmed.

Hart, J., and Finch, P. J., concurred.