[Crim. No. 1824. Second Appellate District, Division One.—August 29, 1929.]

THE PEOPLE, Respondent, v. M. V. BOWLES, Appellant.

Fred Duffy for Appellant.

U. S. Webb, Attorney-General, John L. Flynn, Deputy Attorney-General, Albert Ford, District Attorney, and Earl Redwine, Chief Deputy District Attorney, for Respondent.

HAHN, J., *pro tem.*—The defendant was charged by information filed by the district attorney of Riverside County with the crime commonly known as "issuing a bank check without sufficient funds." The information also charged the defendant with having suffered two prior convictions of felonies. A plea of not guilty was entered to the check charge. As to the charges of prior convictions, the defendant asserted that they were untrue.

The jury returned a verdict, of guilty as to the check charge and found that each of the prior convictions charged was true.

It appears without conflict that the defendant on Saturday, August 11, 1928, about 2 o'clock in the afternoon, entered the store of the Franzen Hardware Company in Riverside and negotiated for the purchase of certain merchandise. Before the sale was consummated, he made inquiry as to whether or not the store would accept a check which he had in the sum of $85 drawn upon a Los Angeles bank by one E. M. Burgwald, and made payable to F. E. Nesbit, the name under which the defendant was going in Riverside. Defendant stated that he had recently come to Riverside and had rented a house on St. Andrews Boulevard; that his family would arrive a few days later and that he wished to purchase certain articles for use in the house. He further stated that he had opened an account at the First National Bank of Riverside, to support which he displayed to the credit manager a pass-book made out to F. E. Nesbit, which showed a deposit of $185. When the credit manager refused to take the $85 check drawn upon the Los Angeles bank, defendant asked him if he would take his check for a sum in excess of the amount of his proposed purchase, drawn on the First National Bank of Riverside; that it being Saturday afternoon he wanted some cash to enable him to make a trip to Idyllwild. The credit manager

of the store finally agreed to accept his check for $60, and when defendant had selected the articles he desired, which amounted to $37.50, the defendant was given $22.50 in cash. With regard to the time of delivery of the goods, defendant stated that he would be occupied for a while in shopping, but that he would be at the house about 4 o'clock, at which time it was agreed that the goods should be delivered. When the goods arrived at the house at the time agreed upon the defendant was not there. The goods were left upon the porch.

One Clarence Brown, teller at the First National Bank of Riverside, testified that on Saturday morning, August 11th, the defendant opened an account at the bank, depositing $10 in cash and a check drawn by one E. M. Burgwald, dated August 9, 1928, for the sum of $75 payable at the main banking room of the Security Trust & Savings Bank, at Fifth and Spring Streets, Los Angeles; that when taking the deposit he stated to the defendant that it would take several days for the $75 check to clear, and not to draw checks on it until it had time to clear, to which defendant replied that he had plenty of money and would not find it necessary to draw on his account until returns had been received. On Tuesday of the following week the $75 check was received back by the First National Bank of Riverside with the report that the drawer of the check had no account in the bank upon which it was drawn. Immediately the defendant's account at the First National Bank was charged with the $75 check, leaving but the $10 deposited in cash to his credit. When the $60 check, given by the defendant to the Franzen hardware store, was presented to the bank, it was returned because of insufficient funds to meet it. It also appears from the evidence that the defendant had never leased the house on St. Andrews Boulevard, as represented by him to the credit manager of the Franzen hardware store. Evidence was also presented showing that the defendant had issued on the same Saturday two other checks, one for $10 and the other for $25, drawn on the First National Bank of Riverside. The $10 check was paid but the $25 check was returned unpaid. The auditor of the Security Trust & Savings Bank testified that he had made an examination of the records of his bank in Los Angeles, and found

that E. M. Burgwald did not have an account in that bank on August 9, 1928, or at any other time.

The defendant himself did not take the stand, but called as his only witness the assistant cashier of the First National Bank of Riverside, by whom he undertook to prove that some five days after the issuance of the check in question, the bank had received $117 by Western Union telegraph from La Jolla, which was placed to the credit of defendant. This evidence was objected to by the district attorney and the objection sustained by the court.

█ In urging a reversal of the judgment, appellant contends that the court erred, first, in permitting the assistant cashier of the bank to testify with regard to a certain memorandum, which was attached to the $75 check drawn on the Security Trust & Savings Bank of Los Angeles, when the same was returned from the Los Angeles bank unpaid. This memorandum was in the usual form used by banks in returning checks. On it was indicated the reason why the check was returned. The memorandum in question was identified by the auditor of the bank on which the check was drawn, and he further testified that he had examined the record of the bank and that E. M. Burgwald had no account at that bank.

No error was committed by the court in overruling the defendant's objection to the introduction of the memorandum attached to the returned check, nor to the witness' testimony identifying it. In any event, the testimony of the bank's auditor that E. M. Burgwald had no account in the bank fully covered the point.

█ The second point urged by appellant is that the court committed error in overruling his objection to certain testimony offered to the effect that the $75 check drawn on the Los Angeles bank was taken by the First National Bank of Riverside for collection only. In support of this contention appellant cites *People* v. *Frey,* 165 Cal. 140 [131 Pac. 127]. The case cited does not support appellant in his contention. The Frey case holds that the burden is upon the prosecution to prove that the defendant had not sufficient funds in the bank to meet the check at the time it was drawn. In the case at bar it clearly appears that defendant did not have sufficient funds to his credit in the First National Bank of Riverside to meet the $60 check. The

fact that he had deposited on that day a check drawn on the Los Angeles bank for $75 did not establish that amount on deposit to his credit. The undisputed evidence was that the check was taken for collection only, and the evidence clearly shows that on August 11th, the day on which he drew the $60 check in question, he had $10 and no more on deposit in the First National Bank of Riverside in the account on which he drew the check.

It is next urged that the court erred in allowing evidence of the check drawn by the defendant on the same day payable to H. F. Grout & Company for the sum of $10, which was paid by the bank. While we are unable to perceive any reason for the introduction of this check, it is not pointed out in what respect, if at all, its introduction was injurious to the defendant. We are satisfied the error, if any, was harmless.

Appellant next urges that the court erred in permitting to be introduced in evidence certified copies of the judgments of convictions relating to the charges of prior convictions of the defendant set forth in the information. Admitted in evidence, as People's Exhibit "B," is a certified copy of the judgment of conviction of the defendant in the Superior Court in and for the county of Orange, and a certified copy of his commitment to the penitentiary, and as exhibit "H," a certified copy of the judgment of conviction in the Superior Court in and for the county of San Bernardino, wherein the defendant plead guilty to the crime of burglary. Both exhibits are in proper form and meet the requirements of the statute.

The remaining points urged by appellant as error relate to instructions, some given by the court and others that were refused. We have carefully examined each of the instructions referred to and are satisfied that no prejudicial error was committed by the trial court in the rulings complained of. We feel that nothing will be gained by extending at length in this opinion the instructions referred to.

As we find no error in the record, the judgment and order denying defendant's motion for a new trial are affirmed.

Conrey, P. J., and Houser, J., concurred.