[Crim. No. 1842. Second Appellate District, Division One.—September 17, 1929.]

THE PEOPLE, Respondent, v. ROBERT C. SHERMAN, Appellant.

George D. Higgins for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

HAHN, J., *pro tem.*—Defendant and appellant was charged by information filed by the district attorney of Los Angeles County, in each of three counts with the crime of issuing checks without sufficient funds. Count III was dismissed by the court during the trial and a verdict of guilty was found against the defendant upon counts I and II. From this judgment of conviction and denial of his motion for a new trial, defendant prosecutes this appeal.

Appellant first urges that there is insufficient evidence to sustain the verdict as to the charge in count I. The evidence relating to this charge may be briefly summarized as follows: Defendant entered the store of the May Company in Los Angeles and purchased certain merchandise, the bill amounting to $12.35. As the merchandise was being wrapped by the saleslady, the defendant made out a check drawn on the United States National Bank for the sum of $12.35, which he tendered in payment for the merchandise. The saleslady before delivering the package to the defendant advised him that it was necessary for her to secure an O. K. on the check, whereupon the defendant stated that he would attend to some errand and return a few minutes later. The check was passed over to one Sabre, whose special duty in the May store was to examine and pass upon checks tendered in payment of purchases. The witness Sabre testified that when the check was handed him, he called up the United States National Bank and was informed by some clerk in the bank that he could find no record in the bank of an account in the name of Robert C. Sherman. Upon defendant's return, under instructions of Sabre, the saleslady handed the package of merchandise to him. Sabre then accosted defendant, asking him if he was Robert C. Sherman. Defendant answered that he was, and that he issued the check in question. Whereupon Sabre requested him to step to the office, where Sabre informed him of the report he had received from the bank to the effect that they had no record of an account in the name of Robert C. Sherman. Defendant admitted that he had no account there, and added that he had issued several other checks without having funds to meet them. The defendant

was relieved by Sabre of the package of merchandise and placed under arrest.

■ Appellant urges, in view of the fact that the May Company was not defrauded out of any money or property, and particularly the fact that before the merchandise was delivered to the defendant, the May Company, through its agent Sabre, had been informed that defendant had no account in the United States National Bank, that no crime had been committed.

There is no merit in this contention. ■ It is not a necessary element to constitute the crime of issuing a check without sufficient funds with intent to defraud, that the person receiving the check shall have been defrauded, or suffered any loss. Section 476a of the Penal Code denounces as a crime the act of one who makes, or draws, or utters, or delivers to another person a check for the payment of money, knowing at the time he makes, draws, utters or delivers such check he has not sufficient funds in or credit with the bank to meet the check. In the instant case it is not disputed that the defendant issued and delivered the check for the purpose of securing the merchandise, and that at the time of so doing, he knew he had no funds in the bank to meet the check. All the necessary elements to constitute the crime are clearly shown. (*People* v. *Williams,* 69 Cal. App. 169 [230 Pac. 667]; *People* v. *Khan,* 41 Cal. App. 393 [182 Pac. 803]; *People* v. *Bercovitz,* 163 Cal. 636 [43 L. R. A. (N. S.) 667, 126 Pac. 479].)

The cases of *People* v. *Wilkins,* 67 Cal. App. 758 [228 Pac. 367], and *People* v. *Weaver,* 96 Cal. App. 1 [274 Pac. 361], are not in conflict with the authorities above cited. In fact, they do not sustain appellant's contention on the point involved.

■ The next point urged is the alleged misconduct of the district attorney in his argument to the jury in making the following statement: ''The evidence of The People is not controverted here by any evidence. You have to take it as true. There is no denial here that this is the defendant's handwriting; no denial here that he issued these checks, not a bit in the world.'' It is appellant's contention that this language was equivalent to saying that the defendant had failed to take the stand to testify in his own behalf. We cannot agree with appellant's contention in

this respect. While the statement complained of may have been susceptible of the interpretation placed upon it by appellant, we do not feel that the language carries with it the vice that has been held to be prejudicial error. Fairly interpreted, it is an assertion that there had been no evidence controverting that presented by the state upon a vital issue in the case. Such a comment has been held to be within the right of the district attorney. (*People* v. *Sutherland,* 59 Cal. App. 462 [210 Pac. 965] ; *People* v. *McNamara,* 65 Cal. App. 521 [224 Pac. 476].) Furthermore, it appears that no objection was made by defendant to the statement of the district attorney complained of.

The third point raised is that the court erred in overruling the objections of the defendant to a question asked in cross-examination of the defendant's father. The following excerpts from the record cover the episode referred to :

By Mr. McCartney (district attorney) in cross-examination: "Q. Your name is Graham? A. Yes, sir. Q. You say you are the father of the defendant? A. Yes, sir. Q. What is his true name?" Mr. Sherman (the defendant) : "Just a minute, I object to that as incompetent, irrelevant and immaterial, not proper cross-examination. . . . "

The court: "What was the question again?" (Question read.)

The court: "If you know you may answer the question. A. Alfred Graham."

It should be noted in considering the foregoing portion of the record that the defendant acted as his own attorney in the trial. The record shows that at the preliminary hearing, defendant gave his true name as Allison Lee Graham, instead of Robert C. Sherman, the name under which he was charged in the complaint. In the information the name Allison Lee Graham appeared. When arraigned he was asked as to his true name, and replied: "Robert C. Sherman," whereupon the court permitted the district attorney to amend the information by substituting the name of Robert C. Sherman for Allison Lee Graham. Inasmuch as the witness had upon direct examination stated that he was the father of the defendant, and that his name was Alfred L. Graham, it was within the right of the district attorney in cross-examination to inquire into the asserted

relationship. The question complained of was germane to that inquiry. Nor can it be urged that the inquiry was not pertinent, for the reason that the name of the defendant is always a pertinent matter in a criminal prosecution. The fact that the defendant had caused his name to be changed twice during the proceedings would make even more pertinent the inquiry as to the real identity of the defendant.

Appellant attacks the ruling of the court on the ground that in permitting the question to be answered, it was equivalent to permitting the witness to give the *alias* names under which defendant may have been known, and which line of inquiry has been held to be prejudicial error. We cannot agree that the question complained of comes within the scope of the cases cited by appellant. In any event, we are satisfied that there was no prejudicial error in the ruling of the court on this point.

The fourth and last point urged has to do with the examination by the court of certain witnesses, which examination the appellant characterizes as "misconduct of the court." 'We have carefully read the record of the testimony and while it appears that the questioning of witnesses by the court was somewhat more extended than is customary, we do not believe that it can reasonably be said that either in the extent or in the manner of the questioning, did the court exceed its power. The record shows that the defendant requested of the court that the public defender, who had been appointed to represent him, be relieved of the appointment, as he, the defendant, felt he was able to and desired to defend himself. The court reluctantly granted his request in this respect and, as frequently happens under such circumstances, the trial was delayed and the proceedings interrupted, because of the unfamiliarity of the defendant with court proceedings and methods of presenting evidence. The questions asked by the court might very well have elicited information that would have been helpful to the defense. We are satisfied there was no prejudicial error in this examination.

The judgment and order denying defendant's motion for a new trial are affirmed.

Houser, J., Acting P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 27, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment · in the District Court of Appeal, was denied by the Supreme Court on October 17, 1929.

All the Justices present concurred.