[Crim. No. 1584. First Appellate District, Division One.—September 5, 1930.]

THE PEOPLE, Respondent, v. M. CORTZE (Also Known as M. CORTEZ, True Name W. CORTEZ), Appellant.

W. Cortez, *in pro. per.*, for Appellant.

U. S. Webb, Attorney-General, and Lionel Browne, Deputy Attorney-General, for Respondent.

KNIGHT, J.—The information in this case charged appellant, W. Cortez, in separate counts, with having issued two fictitious bank checks with intent to defraud, in violation of section 476a of the Penal Code. It also set forth three prior convictions of felony, all relating to the issuance of fraudulent checks, and showing that appellant was imprisoned in the state penitentiaries of California and Nebraska. Appellant entered pleas of not guilty to the charges embodied in the two counts, stood mute as to the truth of two of the prior convictions, and admitted the third. He was tried before a jury and found guilty on both counts. The jury further found that the charges relating to the prior convictions were true. Judgment of sentence was imposed accordingly.

During the trial he acted as his own counsel, and he has continued so to act throughout this appeal; and he now urges as one ground for reversal that the trial court erred in not appointing suitable counsel to defend him. The record shows, however, that three days subsequent to his arraignment in the superior court and two weeks prior to the date of trial, he appeared before the court and without apparent good reasons terminated the services of the public defender and his assistant, who until then had been acting as his counsel, and stated to the court that if, during the ensuing two weeks, he was unable to secure the services of a lawyer of his own selection he would act as his own counsel. Furthermore, on the morning of the trial he again declined to accept the services of the public defender's office, and stated that he was ready to proceed with the trial without the aid of counsel. It would appear, therefore, that having twice rejected the legal aid provided by the county and having at the opening of the trial asked for no delay

and declared that he was ready to proceed without counsel, he is not in a position now to complain.

Appellant further contends that the verdicts are contrary to the evidence and contrary to law, and that the court erred in not instructing the jury to acquit; and that consequently the judgments based upon said verdicts are void. In this connection he has cited in his brief a number of authorities, mostly from other jurisdictions and having no bearing upon the legal issues raised; but he has made no attempt whatever to set forth any testimony to show, nor has he presented any argument to prove, wherein the evidence is insufficient in point of law or fact to sustain the verdicts; and after an examination of the entire record we are convinced that such is not the case and there is no legal ground upon which said verdicts may be set aside.

The essential facts are as follows: On January 11, 1930, appellant opened a commercial account with an Oakland bank and obtained a pass-book by depositing therein a check for $278 drawn on a Hollywood bank, wherein he claimed to have on deposit that amount. The check proved to be worthless, and notwithstanding that appellant was informed by the bank's auditor at the time he opened the account that no part of the deposit would be available to appellant until the Hollywood check had been paid, and that a notation to that effect was made on his deposit tag, appellant on the same day drew several checks for small amounts against the account and succeeded in having the same cashed by merchants in payment of purchases of merchandise. One of these checks was cashed only after appellant had exhibited to the merchant the pass-book. obtained from the Oakland bank showing the deposit of $278. The fact that appellant had no account with the Hollywood bank was established by an officer thereof who testified that three weeks prior to the Oakland transaction appellant, claiming to be connected with the Marshall Field Company of Chicago, opened an account with and obtained a pass-book from the Hollywood bank by depositing therein a draft for $350, drawn on a Denver bank with which he claimed to have two accounts, one a savings account containing a balance of more than $5,000, and the other a commercial account containing more than the amount of the draft drawn thereon; that he immediately drew a check for a small amount against the ac-

count which the bank paid; and that when the draft for $350 was presented to the Denver bank it was ascertained that appellant had no account nor credit therewith.

The first count in the information was based upon the issuance of the check for $278, and the second upon one of the checks for a smaller amount, given in payment of merchandise. The point appellant makes as to the insufficiency of the evidence is apparently directed against the charge contained in the first count, because on cross-examination of the auditor of the Oakland bank appellant attempted to show that the check for $278 was taken for collection only, and that the bank suffered no financial loss therefrom. ▮ It has been repeatedly held, however, that when a fictitious check has been drawn, issued and delivered to the payee with intent to defraud, and there is no money in the bank with which to pay the same, and the drawer has knowledge of such want of funds, the crime is complete, even though the person to whom the check is delivered suffers no financial detriment thereby. In other words, the intent of the person who issues the check, contrary to the provisions of section 476a of the Penal Code, cannot be made to depend upon the success of his enterprise. (*People* v. *Williams*, 69 Cal. App. 169 [230 Pac. 667]; *People* v. *Kahn*, 41 Cal. App. 393 [182 Pac. 803]; *People* v. *Sherman*, 100 Cal. App. 587 [280 Pac. 708]; *People* v. *Bowles*, 100 Cal. App. 464 [280 Pac. 184].) ▮ The facts above narrated relating to the deposit of the check for $278 are legally sufficient in our opinion to bring that transaction within the operation of the foregoing rule; and there can be no question about the sufficiency of .the evidence to sustain the second count. ▮ The truth of the two prior convictions which appellant did not admit was established by the records of conviction supplemented by the identification of appellant by the warden of the Nebraska penitentiary and a guard from the San Quentin prison.

The judgments of conviction are affirmed.

Tyler, P. J., and Cashin, J., concurred.