[Crim. No. 127. Fourth Appellate District.—July 27, 1931.]

THE PEOPLE, Respondent, v. E. D. OLIVER, Appellant.

H. L. Meyers for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

BARNARD, P. J.—The defendant was charged with the crime of making, drawing, uttering and delivering a check upon a bank without sufficient funds to meet the same, the information containing three counts. In the first count it is charged that the defendant on or about the fifteenth day of May, 1930, in the county of Fresno, committed a felony in that he, with intent to defraud Arthur R. Lindburg, Inc., a corporation, and also the Fresno Branch of the Bank of America, made, drew, uttered and delivered to Arthur R. Lindburg, Inc., a check, drawn upon the Fresno Branch of the Bank of America, knowing at the time that he did not have sufficient funds in or credit with said bank to meet said check. The other two counts relate to other checks given in the month of June, 1930. The defendant was acquitted on counts two and three and found guilty as charged in count one of the information. This appeal is from the judgment, and from the order denying a motion for a new trial.

The first ground urged for a reversal is, that the trial court erred in admitting into evidence what purported to be the original ledger sheet of the bank named, showing the defendant's account at that bank for the months of May and June, 1930. According to this ledger sheet, defendant's account with the bank was opened on May 28, 1930. The assistant cashier of this bank appeared as a witness and testified that this ledger sheet was compiled by another person in the bank and that he would not say that it was done under his personal direction. Appellant urges that, under the circumstances, this ledger sheet constituted hearsay evidence and should not have been admitted. He relies on *People* v. *Frey*, 165 Cal. 140 [131 Pac. 127],

and *People* v. *Owens,* 57 Cal. App. 84 [206 Pac. 473]. In the Frey case, aside from the defendant's confession, there was no evidence that the defendant had no funds or credit in the bank on which the check was drawn, that bank being out of the state, except that there was written across the face of the check "no account." There was no evidence that these words were written by anyone connected with the bank or by anyone who knew or could know the facts. It was held that the absence of some such proof was fatal. In the Owens case, while it was shown that the bank records did not contain the name of the defendant as a depositor, there was no proof of any sort that the defendant did not have credit with the bank to meet the check. Neither of these cases settles the point now before us. The witness, through whom this ledger sheet was admitted into evidence, testified that he was an assistant cashier of the bank in question and had worked for them for twenty years. He testified that the ledger sheet in question "constitutes a record of the bank" and that he knew that it was true and correct, and also that he had examined the original account in the bank. The ledger sheet showed that the account of this defendant was opened on May 28, 1930. When asked if the ledger sheet was compiled under his direction he replied that it was "compiled at the direction of the officers of the bank, in that way it includes myself and others." We think that sufficient foundation was laid for the admission of the ledger sheet in evidence (*People* v. *Kuder,* 98 Cal. App. 206 [276 Pac. 578]; *People* v. *Woollacott,* 80 Cal. App. 275 [251 Pac. 826]). Even if the ledger sheet were improperly admitted, the error would be harmless as there was other evidence of the essential facts. The assistant cashier of this bank testified that he had examined the defendant's account in the bank and knew that it was true and correct; that the defendant had no account in the bank on May 15, and none on May 19, the day when the check was presented for payment. He further testified that there was no credit arrangement between the bank and the defendant by means of which this check could be taken care of at any time, and that he had searched through the records of the bank and found no such credit arrangement. In addition, it was shown that payment of the check had been refused by the bank.

We think that a lack of both funds and credit at this bank on the part of the defendant was sufficiently shown, both by the record of the bank and by the testimony of the assistant cashier, who testified that he had searched the records and knew that they were correct (*People* v. *Weaver*, 96 Cal. App. 1 [274 Pac. 361]).

■ The only other point raised by the appellant is that the evidence is not sufficient to sustain the verdict, in that the intent to defraud was not shown. Appellant testified that he was a dealer in second-hand cash registers and office equipment. The check involved in the first cause of action was given as a first payment upon an automobile. The check in the second cause of action was given some three weeks later to another automobile dealer, as the first payment on another automobile. The check involved in the third cause of action was given two days later to a garage, the nature of the transaction not appearing. In the transaction involved in the first cause of action, the appellant, as a first payment upon this automobile, gave the dealer $5 in cash and the check in question, signing a contract covering the balance. He also promised to bring in a cash register as additional security, which he later did. He first argues that an absence of criminal intent is shown by his giving this cash register as additional security on the balance of the contract. It may first be observed that this additional security was on the balance of the contract and had no relation to the check here in question, or to the first payment on the automobile. ■ It is also the law that it is not necessary in a case of this character, to show that the check as issued results in financial loss to the party to whom it is given (*People* v. *Cortze*, 108 Cal. App. 111 [290 Pac. 1083]; *People* v. *Williams*, 69 Cal. App. 169 [230 Pac. 667]). As showing absence of criminal intent, the appellant also relies upon his testimony that at the time the check was given he told the employees of Arthur R. Lindburg, Inc., that he desired them to hold the check for a few days. However, two of the employees of this company who were present when the check was given, testified positively that no such request was then made, although one of them testified that a day or two later appellant called him up on the telephone and asked him to hold the check. Nothing more is here presented than a con-

flict in the evidence. However, the fact that he phoned and asked them to hold the check indicates that he knew it was not good and could be considered in passing upon the question of his intent.

We think the evidence is sufficient in the respects questioned to sustain the verdict of the jury.

The judgment and order are affirmed.

Griffin, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 10, 1931.