[Crim. No. 3313.   Second Appellate District, Division One.—March 6, 1940.]

THE PEOPLE, Respondent, v. LAWRENCE STANHOPE, Appellant.

Gladys Towles Root and Eugene V. McPherson for Appellant.

Earl Warren, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

WHITE, J.—Defendant was charged in an information with the crime of grand theft for the unlawful taking of $250, the property of a Mrs. Barlow, to which accusation he entered a plea of not guilty, was tried before a jury, and convicted of the lesser offense of petty theft. His motion for a new trial having been denied and probation granted, the defendant appeals from the order denying him a new trial.

Stating the evidence most favorable to the prosecution, as we are required to do following a guilty verdict, we find in the record the following: For several months prior to May 30, 1939, the date of the alleged theft, defendant had resided at the rooming house of Mrs. Barlow, the complaining witness, in the city of Pasadena. According to the testimony of the complaining witness, on the morning of May 30th, at about 11 o'clock, she gave to defendant $250 in cash and a check for $142.46 to be deposited in the bank. Earlier that

morning the complaining witness had engaged in a conversation with defendant in which he asked for the use of her car to go to Hollywood, which she granted on condition he return the car by 6 or 6:30 that evening, and in which conversation she also asked him if he would make a bank deposit for her while he was out, which he said he would. Defendant returned from Hollywood about 8:30 in the evening and drove Mrs. Barlow to Monrovia to see a Mrs. Tinsley, bringing her back a little after 9. At about 10 o'clock Mrs. Barlow went to defendant's room and knocked on the door, but defendant was not there. On the following morning Mrs. Barlow received a telephone call from defendant, who said that he was in Los Angeles; that he wanted her to go away, and he would like to have a vacation; that he would like her to have a vacation; that he had her money and wanted to use it for a week. Mrs. Barlow testified she said she could not do that; that she needed the money to pay her bills, whereupon appellant replied that he would call back at 5 in the afternoon and tell her where to get the money; that he was not coming back to Pasadena. Mrs. Barlow then telephoned a Mr. Van Huel, a friend of defendant, and went to Santa Monica, where she met Mr. Van Huel and defendant on the pier, and demanded her money. Defendant said he would not settle in the presence of Mr. Van Huel, and at defendant's suggestion he and Mrs. Barlow drove away, and while driving the defendant said he had the money in Los Angeles in his room and it would take quite a while to get it; that he expected to have a "good day" on the gambling boat; that he did not have her money with him; and if the witness would go back with him then when he got off the boat he would get the money and bring it to the witness. The defendant then got out of the car and the witness did not see him again until he was brought into court.

The testimony of Mrs. Barlow was corroborated by her daughter, who testified that she was in the room where her mother was counting the money and that she saw her mother give the defendant some money and a check; that she counted out the money; that it was $200 or $250. The records of the bank showed that the deposit had not been made, and Mrs. Barlow testified that defendant never returned the money to her.

Defendant took the stand in his own behalf and testified in general that he roomed in the apartment house maintained by the complainant, Mrs. Barlow; that on February 16th he commenced working for her. He specifically denied receiving the check or the $250 in question or any money from Mrs. Barlow for deposit on the morning of May 30th or any other time. He admitted meeting Mrs. Barlow on the pier at Santa Monica, as testified to by her, at which time the witness Frank Van Huel was present, but denied, as did Mr. Van Huel, that any conversation occurred such as was testified to by Mrs. Barlow concerning $250. Defendant also introduced evidence by other witnesses that Mrs. Barlow had stated to them that she had lost the check which she claimed to have given defendant at the time she allegedly entrusted him with the $250 in cash.

As a first ground of appeal it is urged that the verdict is contrary to the law and the evidence. In support of this contention appellant asserts that the prosecution depended entirely upon the testimony of the complaining witness, Mrs. Barlow, and the latter's daughter, both of whom it is asserted were thoroughly impeached. It cannot be denied that the record here indicates several inconsistencies in the testimony of Mrs. Barlow as well as contradictions of her testimony by witnesses who gave evidence at variance with her narrative of what occurred upon stated occasions. There is also some degree of uncertainty attached to the testimony of the complainant's daughter, who was not sure whether the amount entrusted to appellant was $200 or $250, although she said she was present and saw her mother count out the money. We are, however, confronted with the constitutional provision that the appellate courts are not authorized to review evidence, except where, on its face, it may justly be held that it is insufficient to support the ultimate issue involved, in which case it is not a review of a question of fact, but purely one of law. (*People* v. *Haydon,* 18 Cal. App. 543, 553 [123 Pac. 1102].) Obviously, reviewing judges are in no position to determine the credit which should be accorded witnesses or to weigh their testimony. In accordance with the constitutional mandate the legislature has clothed the jury with the exclusive right to judge of the credibility of witnesses. (Code Civ. Proc., sec. 1847.)

While the variances and inconsistencies apparent in Mrs. Barlow's testimony and that of her daughter without doubt afforded opportunity for a persuasive argument to the jury against the reliability of their testimony, and even though, relying solely upon the printed record, we might question such reliability, nevertheless we cannot substitute our judgment on the facts for that of the jury. As was said in *People* v. *Tedesco,* 1 Cal. (2d) 211, at page 219 [34 Pac. (2d) 467], ''This court has uniformly held that where there is evidence tending to support a verdict, we cannot disturb the verdict upon the ground that it is not sustained by the evidence; and the application of this rule is strengthened in a case where, as here, the trial court has refused a new trial. It is settled beyond controversy that the weight to be accorded the evidence is a question for the jury. (*People* v. *Ellis,* 188 Cal. 682, 688 [206 Pac. 753].)'' The findings of the jury and the trial judge on the subject of the credibility of witnesses and the weight to be given evidence are conclusive upon this court.

It is next contended by appellant that the court erred in sustaining objections to questions asked during the cross-examination of the complainant concerning a trip allegedly made by her in company with appellant to San Diego, and also in sustaining objections to questions concerning discussions of marriage between complainant and appellant. As to the first line of inquiry, the ruling thereon was proper for the reason that before any objections were interposed the complainant emphatically denied ever going to San Diego with appellant and with equal vigor denied registering at a hotel with him. As to the other questions, concerning discussions of marriage by the witness with appellant, the latter suffered no prejudice from the adverse rulings thereon, because appellant himself, when called as a witness, testified fully with reference to conversations had with complainant wherein he claimed she urged him to marry her. Following this, Mrs. Barlow was called and denied any such conversations concerning marriage. It is elementary that the exclusion of evidence at one stage of the case, even if erroneous, is harmless if such evidence be subsequently admitted.

Appellant's next contention, that he should have been convicted of grand theft or acquitted, is without merit.

While it is true that the complaining witness, Mrs. Barlow, testified she entrusted appellant with $250, there was evidence given by her daughter who witnessed the transaction that the amount of money in question was either $250 or $200. In view of the provisions of section 487 and 488 of the Penal Code, it is at once apparent that the jury resolved the doubt concerning the amount of money involved, in appellant's favor and found him guilty of petty theft. If this was error, it was certainly error of which appellant cannot complain.

■ Finally, appellant predicates error upon certain remarks made by the trial judge when he instructed the jury. The remarks complained of are as follows: " . . . So there is the simple case for you right in a nutshell: Do you believe, or do you find, beyond a reasonable doubt, that Mrs. Barlow delivered to this defendant approximately $250? If you do, and you find that the money was not deposited, then the defendant is guilty as charged. . . . "

The court fairly and correctly instructed the jury with reference to all issues raised by the pleadings or produced by the evidence. He thoroughly defined the difference between grand and petty theft and admonished the jury as to the elements necessary to be proved beyond a reasonable doubt before appellant could be convicted of either offense. Finally, the court advised the jury in unequivocal language that it was within their exclusive province to determine the facts of the case and to consider the evidence for that purpose, and in this connection said: "The Court cannot determine the facts for you, but may aid you by two methods: First, by giving you the rules of law to be used by you in arriving at the truth; second, by, at times, commenting upon the evidence within proper limitations." Taken as a whole, the statement made by the court about which appellant complains amounts to nothing more than fair and general comment which a trial judge is now authorized to make. (Art. VI, sec. 19, Cal. Const.) The comment of the trial court herein complained of was not contentious in character, nor did the court thereby attempt at any time to direct the return of a particular verdict. The defendant's rights were not in any way violated. (*People* v. *De Moss*, 4 Cal. (2d) 469 [50 Pac. (2d) 1031]; *People* v. *Ottey*, 5 Cal. (2d) 714

[56 Pac. (2d) 193]; *People* v. *Gosden,* 6 Cal. (2d) 14 [56 Pac. (2d) 211].)

For the reasons herein stated, the order appealed from is affirmed.

York, P. J., and Doran, J., concurred.