[Crim. No. 4237.   Second Dist., Div. Two.   Oct. 5, 1948.]

THE PEOPLE, Respondent, v. RUTH V. BOYCE, Appellant.

J. Q. Gilchrist for Appellant.

Fred N. Howser, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

MOORE, P. J.—██ Appellant was found guilty on two counts of issuing checks drawn upon a bank in which she had neither funds nor arrangement for credit. Her motion for a new trial having been denied the court suspended the imposition of sentence and ordered her to be placed on probation. She has appealed from the "judgment" and the order denying her motion for a new trial. Sentence having been suspended, there is no judgment. (*People* v. *Noone*, 132 Cal.App. 89 [22 P.2d 284]; *People* v. *Warnick*, 86 Cal.App.2d 900 [195 P.2d 552].) Hence that appeal will be dismissed.

However, inasmuch as the order denying the motion for a new trial is appealable. (Pen. Code, § 1237.2; *People* v. *Martin*, 199 Cal. 240 [248 P. 908]) the record in its entirety and the arguments of the parties have been scanned for prejudicial error, but in vain.

September 1, 1947, appellant employed the witness Edmund Albert to assist her in operating a radio advertising business. She had two checkbooks, one of which Albert kept in the office while appellant carried the other in her purse. On the first stub of the former she penciled the figures "$1500" and had Albert write checks on blanks taken therefrom but to be signed by her. However, the total of her deposits made from the day the account was opened was only $1,200, as follows: September 29, $100; October 3, $100; October 6, $500; October 10, $500. At her request Albert wrote checks to a number of persons prior to October 10 when he observed that the total checks issued from his book exceeded $1,500. This fact he called to the attention of appellant who had never inquired as to her balance before signing a check.

██ On October 19, 1947, despite her diminished funds on deposit, to wit, $6.04, she issued to a hotel in Hollywood a check from her small checkbook in the sum of $65.53. Having been accepted by the clerk in payment of her bill and forwarded through conventional channels for collection, it was duly dishonored. By her conduct she represented the check to be valid although she knew it was worthless. Thereby she perpetrated a fraud upon the hotel. Appellant contends in effect that because no express representations were made by her as to the validity of her check and because its issuance to her creditor did not alter the fact that she was a debtor of the hotel at the time of its delivery, and continued as such, there could have been no fraud in thus settling her past due account. Similar contentions were rejected in *People* v. *Williams*, 69 Cal.App. 169 [230 P. 667], and in *People* v. *Khan*,

41 Cal.App. 393 [182 P. 803], with the declaration that a fraudulent purpose was shown by the proof "that the appellant gave the check, representing thereby that it was good and valid, and that it was given and received with the intent that it should pay appellant's debt." (*People* v. *Williams, supra,* 173.)

The second check involved was for $50, issued and delivered on October 20, 1947, to one Yacoubian, a musician, who had entered into an "artist's agent representative agreement" with appellant. By such agreement appellant was to deposit $1,000 in a checking account which was to be an advance on the concerts to be given by the artist. When he called at appellant's office to sign the cards for opening the bank account there were no cards. Thereupon, as an emollient she gave him the check. She had prior thereto given him other checks for $20 and $30, both of which were, as in the case of the $50 check, dishonored by the drawee bank.

Appellant contends that the latter check to Yacoubian was a loan and could not have served to swindle the payee. From Yacoubian's testimony as to his contract it was a reasonable inference that she gave him the check as a partial fulfillment of her agreement to open the bank account and therefore indicated an intent to defraud the musician. While the latter conceded that the contract did not require her to deposit the $1,000, yet he was positive that the $50 check was given pursuant to the artist's agent contract as "an advance on my first concert."

Appellant's denials of relevant portions of the testimony of the state's witnesses were disposed of by the findings of the trial court which are conclusive when supported by substantial evidence. Neither variances, inconsistencies nor contradictions in the proof of a crime are of avail on appeal. (*People* v. *Stanhope,* 37 Cal.App.2d 631, 634 [99 P.2d 1075] ; *People* v. *Boljat,* 36 Cal.App.2d 644, 646 [98 P.2d 513].)

The finding of guilt by the trial court will not be disturbed by the reviewing court (*People* v. *Stanhope, supra,* 634) unless it can reasonably be held as a matter of law that there was no evidence against the accused. (*People* v. *Farrington,* 213 Cal. 459, 463 [2 P.2d 814] ; (*People* v. *Beltowski,* 71 Cal.App.2d 18, 22 [162 P.2d 59].)

The purported appeal from the "judgment" is dismissed. The order denying the motion for a new trial is affirmed.

McComb, J., and Wilson, J., concurred.