STATE OF NEBRASKA, APPELLEE, V. WALTER KOESTER,
APPELLANT.
209 N. W. 2d 172

Filed July 6, 1973. No. 38911.

T. Clement Gaughan and Richard L. Goos, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold S. Salter, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

The defendant was convicted and sentenced under section 28-1213, R. S. Supp., 1972, for the offense of uttering an insufficient fund check. The defendant appeals asserting, in substance, that the trial court committed error in not submitting to the jury the issue of whether there had been justifiable reliance by the bank upon the misrepresentation of the defendant in the making and the issuing of the check for the insufficiency of funds to pay same for which he was prosecuted. We affirm the judgment and sentence of the District Court.

The offense of issuing a check without sufficient funds is complete when the check is issued with knowledge and the intent to defraud, even though no one is defrauded thereby. State v. Martin, 177 Neb. 209, 128 N. W. 2d 583. In the above-cited recent case this court held that

to be guilty of the crime of uttering an insufficient fund check under section 28-1213, R. S. Supp., 1972, it is not necessary that there be any reliance upon a false representation of the defendant as is necessary in a prosecution for the obtaining of money under false pretenses. The defendant's contention is based upon a citation of authority in United States v. Western Contracting Corp., 341 F. 2d 383, which was a civil action where the issue was liability on a contractor's performance bond and in which several insufficient fund checks were involved. Based on this case and analogy to an Iowa decision, the defendant argues that this was a fundamental element of the offense. We reaffirm our holding in State v. Martin, *supra*, which completely answers the defendant's contentions as follows:

"The defendant further argues the insufficiency of the evidence because the hotel bookkeeper, in cashing the check, relied on the representation by the Provo bank that sufficient funds were on deposit. Berneice Linden, the bookkeeper, testified that she listened in on the telephone conversation with the bank, that the bank stated to her that the defendant had $200 in his bank account, and that she cashed the check relying on this representation. The defendant in support of his contention cites Beyl v. State, 165 Neb. 260, 85 N. W. 2d 653, and several cases from other jurisdictions. The Beyl case, supra, was a prosecution for the obtaining of money by false pretenses. This case and the other cases cited arose under statutes which hold that the false pretense must be an effective cause in inducing the owner to part with his property. In other words, there must be reliance upon a false representation. The defendant here was not informed against for obtaining money by false pretenses. He was prosecuted for the crime of uttering an insufficient fund check under section 28-1213, R. R. S. 1943. The elements are an intention to defraud and a knowledge that at the time of the making of such check he has not sufficient funds for its payment upon

presentation. It is not required under this statute that the State prove that the payee of an insufficient fund check actually parted with any money or property. In State v. Eggers, supra, the court said: 'The crime of obtaining money by means of an insufficient fund check is completed at the time the check is uttered and passed.' The offense of issuing a check without sufficient funds is complete when the check is issued with the intent to defraud, even though no one is defrauded thereby. People v. Freedman, 111 Cal. App. 2d 611, 245 P. 2d 45; People v. Cortze, 108 Cal. App. 111, 290 P. 1083; People v. Kitchens, 164 Cal. App. 2d 529, 331 P. 2d 127."

The judgment of the District Court is correct and is affirmed.

AFFIRMED.