[No. 10,003.]

## THE PEOPLE *v.* McCAULEY.

PERSON ACCUSED OF CRIME A WITNESS ON HIS OWN BEHALF.—If a defendant, who is on trial for a larceny, becomes a witness in his own behalf, a question put to him on cross-examination, as to whether he has not been previously arrested for another larceny, is not objectionable on the ground that the defendant cannot be shown to be guilty of the offense charged by showing that he had been accused of another crime.

OBJECTION TO QUESTION PUT TO WITNESS.—A party cannot abandon the ground of objection taken to a question put to a witness on the trial below and assume another on the trial of an appeal in the Supreme Court.

NEW TRIAL.—A new trial will not be granted on the ground of newly discovered evidence which is in conflict with the evidence given on the trial.

APPEAL from the Municipal Criminal Court of the City and County of San Francisco.

The defendant was indicted for grand larceny committed by stealing money from one Ernest Allen. On the trial she became a witness in her own behalf. On cross-examination she was asked by the attorney for the people if she had not been arrested for stealing money from one Senter. The attorney for the defendant objected to the question, " that the defendant could not be shown to be guilty of the offense charged, by showing that she had been accused of another offense." The Court overruled the objection. The defendant moved for a new trial, and in support of the motion filed an affidavit of Allen, stating circumstances which led him to believe that the defendant was not the person who had stolen the money from him. The motion was denied and the defendant appealed.

The other facts are stated in the opinion.

*George W. Tyler,* for Appellant.

*Charles B. Darwin,* for the People.

By the COURT:

The prisoner was convicted of the offense of grand larceny.

1. The question asked of the defendant when she was upon cross-examination as a witness was not objectionable on the grounds stated. It is certainly true that the prisoner could not be proven guilty of the offense for which she was on trial by proof that she had committed another and distinct offense. The nature of the objection taken does not present the question of the latitude allowed in cross-examination of a witness, in order to show the degree of credit to

which such a witness is entitled, and it is not necessary to consider that point here. We held in the case of *The People* v. *Snellie,* at the last April Term (and the ruling in that respect is in accordance with the general rule), that a party cannot be permitted to abandon the ground of objection taken below and assume another one here. Had the objection now urged here, as to the admissibility of the evidence within the rules governing the cross-examination of witnesses been presented below, the question might have been withdrawn, or if insisted upon the Court below would have been called upon to consider its admissibility in that view, and in so doing would have been in the exercise of the measurable discretion with which it is undoubtedly clothed in determining an objection of that character.

2. Nor was there any error in denying the application for a new trial. Irrespective of the weight to be given to the determination of the application by the Court below, we are of opinion that the affidavit of Allen, upon which the motion was based in the main (and which goes to the question of the identity of the prisoner), is not reconcilable with the testimony which she herself gave at the trial.

The conclusion we have thus reached renders it unnecessary to determine the technical question made upon the part of the people, as to whether or not the affidavits of Allen and others are properly part of the record here.

Judgment affirmed.

[The case of *The People* v. *Snellie,* referred to in the opinion, was decided from the Bench and is not reported.—RE-PORTER.]