[Crim. No. 621. Second Appellate District.—November 11, 1918.]

THE PEOPLE, Respondent, v. M. KAWANO, Appellant.

CRIMINAL LAW — UTTERING CHECK WITHOUT FUNDS — INTENT TO DE-FRAUD—EVIDENCE.—Evidence that a defendant drew a check on a bank in which he knew he had no funds or credit, and presented it to and obtained the amount thereof from another bank, warranted the inference that he intended to defraud the latter of the money obtained.

ID.—INDORSEMENT BY THIRD PERSON—PAYMENT BY INDORSER.—The circumstances in such case, that before presenting the check to the bank from which he obtained the money, he procured its indorsement by a third party who afterward paid the check, in no way militates against the reasonableness of the inference that the defendant, at the time he obtained the money on the check, intended to defraud the bank from which he obtained the same.

ID.—SECONDARY EVIDENCE OF BANK'S BOOKS.—Evidence by the "credit remittance" man of the bank on which such check was drawn to the effect that he had examined the books of that bank and that the defendant at the time such check was drawn had no account or credit in that bank, was competent under subdivision 5 of section 1855 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of San Luis Obispo County, and from an order denying a motion for a new trial. T. A. Norton, Judge.

The facts are stated in the opinion of the court.

M. R. Van Wormer, for Appellant.

U. S. Webb, Attorney-General, and Joseph L. Lewinsohn, Deputy Attorney-General, for Respondent.

MYERS, J., *pro tem.*—This is an appeal from a judgment of conviction under section 476a of the Penal Code, and from an order denying a motion for a new trial.

Defendant was charged by information with having made, drawn, uttered and delivered to the Commercial Bank of San Luis Obispo a certain check for the sum of $15 on the First National Bank of Los Angeles, with intent to defraud said Commercial Bank, knowing that he did not have sufficient funds or credit with said First National Bank to meet the same. The evidence showed that on March 5, 1918, the defendant presented to the Commercial Bank a blank check of the First National Bank and "wanted to get $15." The teller thereupon filled in the check for that amount to the order of his bank and the defendant signed it. The teller refused to cash the check without the signature of an indorser thereon, and defendant took it away and secured the indorsement of one Kurokawa thereon, after which, on the same day, he brought it back to the Commercial Bank, delivered it, and received the cash on it. The check was returned unpaid and was never paid by the First National Bank, but the amount thereof was later paid to the Commercial Bank by the indorser, Kurokawa.

Two points are made upon the appeal. 1. "That there was no evidence that defendant intended to defraud the Commercial Bank of San Luis Obispo." Appellant urges in this connection that it is apparent from the evidence that if defendant intended to defraud anyone, it must have been the indorser, Kurokawa, who was financially responsible and who did in fact eventually pay the check. It is urged by the respondent that the offense was complete when the defendant first signed and presented the check to the Commercial Bank, without Kurokawa's indorsement thereon, under the terms of the statute, which provides that the making or drawing or uttering or delivering, under the conditions specified, shall constitute the offense. Whether this be correct or not, it seems sufficient to say that when the defendant, upon the second occasion, presented the indorsed check to the Commercial bank for the purpose of getting the money thereon and did thereby obtain the money, these facts, shown by the uncontradicted evidence, warranted the inference by the jury of the further fact that he intended then and thereby to defraud said bank of the money so obtained, if the other ele-

ments of the offense were then existing. The circumstance
that the Commercial Bank might be able to and did there-
after in fact succeed in transferring the burden of its loss
to the shoulders of the indorser, in no way militates against
the reasonableness of this inference.

This brings us to the second point urged by appellant,
namely: "That there was no evidence that defendant had no
funds or credit with the First National Bank of Los Angeles
at the time he made the check, or that he knew he had no
funds or credit there." The credit remittance man of the
First National Bank, who was charged with the handling of
all business with outside California banks, testified that he
had made a personal inspection of the books of the bank, in
company with the auditor thereof, with reference to the
particular account of M. Kawano, the name of defendant and
the name signed to the check, and that there was no account
on the books of the bank in that name other than the one
introduced in evidence, and that defendant had no credit
with said bank at the time he drew the check or at any time
subsequent to October 30, 1912. The account introduced in
evidence was in the name of M. Kawano and was opened on
October 22, 1912, and closed on October 30, 1912. Appellant
urges that the books of the bank were the best evidence to
prove these facts, and that the testimony of the witness was
therefore hearsay and incompetent. The burden upon the
prosecution in this respect was to prove a negative, namely,
that the books of the bank did *not* show a certain thing. If
appellant's contention were correct, it would have been in-
cumbent upon the prosecution in this case to bring into court
all the books of customers' accounts with the First National
Bank of Los Angeles covering a considerable period of time.
This brings this case within the well-established exception to
the hearsay rule, which is stated as follows: "When it is
necessary to prove the results of voluminous facts, or of the
examination of many books and papers, and the examination
cannot be conveniently made in court, the results may be
proved by the person who made the examination." (*San
Pedro Lumber Co.* v. *Reynolds,* 121 Cal. 74, 86, [53 Pac.
410].) This rule is codified in section 1855 of the Code of
Civil Procedure, subdivision 5, as follows: "There can be no
evidence of the contents of a writing, other than the writing
itself, except in the following cases: . . . 5. When the original

consists of numerous accounts or other documents, which cannot be examined in court without great loss of time, and the evidence sought from them is only the general result of the whole."

The judgment and ordered appealed from are affirmed.

Conrey, P. J., and James, J., concurred.