[No. 15243.    Department Two.    March 1, 1919.]

THE STATE OF WASHINGTON, *on the Relation of
Frank Sowders, Plaintiff,* v. THE SUPERIOR
COURT FOR PIERCE COUNTY, *M. L.
Clifford, Judge, Respondent.*[1]

INFANTS (16) — JUVENILE OFFENDERS — PUNISHMENT — STATUTES.
Under the juvenile court law, Rem. Code, § 1987-1 *et seq.*, defining
dependent and delinquent children, which provides, in § 1987-11, that
no court shall commit a child under sixteen to a jail, common lockup,
or police station, and that when sentenced to any institution to
which adult convicts are sentenced, it shall be unlawful to confine
such child in a building with such adults, and Id., § 1987-12, author-
izing a court to turn a child over to the proper authorities for trial
when charged with crime, the word "commit" refers only to deten-
tions pending hearing, and a child may be prosecuted for crime and
sentenced to the penitentiary, although not confined in a building
with adult convicts; and the fact that the state has not made proper
provisions, does not prevent such sentence.

PROHIBITION (4)—ADEQUACY OF REMEDY BY APPEAL—INABILITY TO
GIVE BAIL. The fact that one convicted of crime cannot give bail is
no reason for reviewing errors of the trial court by the extraordi-
nary writ of prohibition.

Application for writ of prohibition, filed in the su-
preme court February 4, 1919, to prohibit the su-
perior court for Pierce county, Clifford, J., from sen-
tencing a convicted child to the penitentiary.    Denied.

*M. J. Gordon* and *A. O. Burmeister,* for relator.

*William D. Askren* and *J. W. Selden,* for respond-
ent.

MOUNT, J.—This is an application for a writ of pro-
hibition against the superior court of Pierce county.

It appears from the application that the relator is
a child under the age of sixteen years, and that, on
the 20th day of November, 1918, he was charged by
the prosecuting attorney with the crime of murder in

[1]Reported in 179 Pac. 79.

the first degree. Upon a trial of that charge to a jury
on the 8th day of January, 1919, he was convicted of
the crime of manslaughter. Thereafter the trial court
overruled a motion in arrest of judgment, and declared
that it would sentence the relator to imprisonment in
the penitentiary for a term of not less than one nor
more than fifteen years, but that the sentence would
not be pronounced until an opportunity could be given
the relator to apply to this court for a writ of pro-
hibition.

The application for the writ is based upon two
grounds: First, that the court is without jurisdiction
to sentence the relator to the penitentiary; and sec-
ond, that the crime of manslaughter was not charged
in the information and therefore the verdict of the
jury was a nullity.

The first contention is based upon the provisions of
§ 11 of the act of 1913 relating to dependent and de-
linquent children, known as the juvenile court law,
Laws 1913, p. 520, being §§ 1987-1 to 1987-18 of Rem.
Code. Section 11 (p. 529), provides:

"No court or magistrate shall commit a child under
sixteen years of age to a jail, common lock-up, or
police station; but if such child is unable to give bail,
it may be committed to the care of the sheriff, police
officer, or probation officer, who shall keep such child
in some suitable place or house or school of detention
provided by the city or county, outside the inclosure
of any jail or police station, or in the care of any asso-
ciation willing to receive it and having as one of its
objects the care of delinquent, dependent or neglected
children. When any child shall be sentenced to con-
finement in any institution to which adult convicts are
sentenced, it shall be unlawful to confine such child
in the same building with such adult convicts, or to
bring such child into any yard or building in which
such adult convicts may be present." Id., § 1987-11.

It is contended by counsel for the relator that the first part of this section is a prohibition against committing a child under the age of sixteen years to the penitentiary; that the intention of the whole act was to prohibit the punishment of children in penal institutions.

Section 1 of this act provides that a "dependent child" shall mean any child under the age of eighteen years. The act then makes eighteen classifications of dependent children and then it defines a delinquent child as follows:

"The words 'delinquent child' shall include any child under the age of eighteen years who violates any law of this state, or any ordinance of any town, city, county or city and county of this state defining crime; or who habitually uses vile, obscene, vulgar, profane or indecent language, or is guilty of immoral conduct; or who is found in or about railroad yards or tracks; or who jumps on or off trains or cars; or who enters a car or engine, without lawful authority." Id., § 1987-1.

The definitions of a dependent child and a delinquent child are different. A dependent child is not a criminal, while a delinquent child may be one who commits crime. The remaining part of the act up to § 11 provides for juvenile courts, probation officers and expenses thereof, the taking charge of children and the hearings upon such charges, the commitment of children and their adoption. Section 12 provides that, when a child under eighteen years of age is arrested, it may be taken before a justice of the peace or directly before the juvenile court. The section then provides for an examination before such court and that—

"If, upon investigation, it shall appear that a child has been arrested upon the charge of having com-

mitted a crime, the court, in its discretion, may order such child to be turned over to the proper officers for trial under the provisions of the criminal code." Id., § 1987-12.

From a careful consideration of the whole act, it is apparent that this act intends that children under the age of eighteen years who commit crime may, in the discretion of the juvenile court, be prosecuted under the criminal law for the commission of such crimes. It follows that, if children may be prosecuted, they may be also sentenced under the criminal law. In fact, the latter part of § 11 directly infers that a child may be sentenced to any institution in which adult convicts are sentenced, with the provision that it shall be unlawful to confine such child in the same building with such adults or to bring such child into any yard or building in which such adult convicts may be present. These provisions of this act make it plain that, where a child has committed a crime, he may be prosecuted and sentenced under the criminal code. The first part of § 11, above quoted, at first reading may appear to be in conflict with the last part of that section; but it is apparent, we think, that the word "commit," as used in the first part of the section, refers to a commitment to a jail, common lock-up, or police station for detention during investigation or correction by the juvenile court, and does not refer to a sentence pronounced after a trial under the criminal law, while the last part of the section refers to sentences pronounced under the criminal law as distinguished from commitments to jails, common lock-ups, or police stations for juvenile delinquents whose hearings are had before the juvenile court. It is apparent, therefore, that the superior court, having tried the relator under the criminal law, has power and jurisdiction to commit him to the penitentiary for the crime

for which he was convicted. We might add that in such sentence, the court should provide that the child shall not be confined in a building with adult convicts or permitted in any yard where adult convicts may be present. The trial court having power and jurisdiction to sentence the relator to the penitentiary, it follows that the writ of prohibition may not issue.

It is contended by counsel for the relator that he has no adequate remedy by appeal because he is now confined in jail in Pierce county, and is unable to give bond. If the court is not acting in excess of jurisdiction in pronouncing the sentence, it is plain that the remedy by extraordinary writ cannot be used to review errors which have been committed in the trial. The fact—if it be a fact—that the relator cannot give bail is not a sufficient reason for reviewing errors of the trial court upon extraordinary writs. If the trial court has made errors upon the trial of the case, those errors may be reviewed upon appeal.

Counsel for relator also contend that there is no provision for caring for delinquent children at the state penitentiary. That fact may not be considered by the trial court or by this court. It is the duty of the state to make provision, and if provision has not been made, that fact does not prevent the trial court from pronouncing judgment.

For these reasons, the application for the writ must be denied.

Chadwick, C. J., Fullerton, Parker, and Holcomb, JJ., concur.