[Crim. No. 854. Second Appellate District, Division One.—January 30, 1922.]

THE PEOPLE, Respondent, v. JOE GONZALES, Appellant.

[1] CRIMINAL LAW — RAPE — EVIDENCE — TESTIMONY OF PROSECUTING WITNESS—COMPELLING OF ANSWERS TO QUESTIONS—RIGHT OF DEFENDANT TO COMPLAIN.—The defendant in a prosecution for rape consummated with a girl of the age of fourteen years cannot complain of the action of the court in compelling the girl to answer certain questions after her refusal to do so on the ground ·that such answers would incriminate her.

APPEAL from a judgment of the Superior Court of Los Angeles County. Rex B. Goodcell, Judge. Affirmed.

The facts are stated in the opinion of the court.

D. W. Richards for Appellant.

U. S. Webb, Attorney-General, and Arthur Keetch, Deputy Attorney-General, for Respondent.

JAMES, J.—Appellant herein was convicted of the crime of rape. He appeals from the judgment of imprisonment. No brief was filed on behalf of appellant, and at the oral argument but one ground was urged in support of the claim that a reversal of the judgment should be ordered. It was charged in the information that the act complained of was consummated with a girl of the age of fourteen years. This girl was called as a witness at the trial and, after answering preliminary questions, made objection to being required to narrate further facts. In answer to a question calling for such a recital she responded, "Well, if I say anything, I will criminate myself." Counsel for the defendant interposed with a request to the court that no further questions be asked the witness because of her disinclination to testify. The trial judge, however, refused to concede that the privilege was well claimed and directed the witness. to answer, whereupon she completed her statement as to all matters material in support of the charge. Appellant advances the contention that the witness had the right to

refuse to testify and that, if she was compelled against her will, as the record shows, to give evidence, error was committed as to which appellant has the right to complain here.

[1] The point is not well made. Conceding for the purposes of the argument that the court should have allowed the privilege to the young girl and not have compelled her to answer questions, the error was not an error committed as against the defendant, and, therefore, not a matter about which he may complain. The testimony was relevant and competent when given and, being so, it was proper to be considered by the jury. Had the witness stood upon her refusal to answer and been committed for contempt in consequence, the question as to whether the court had ruled properly would be presented in a proceeding brought to test the validity of the imprisonment. That matter would be a thing wholly outside of any question proper to be considered in defendant's case.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.