[No. 20456.  Department One.  August 22, 1927.]

THE STATE OF WASHINGTON, *Appellant,* v. HARVEY
MELVIN, *Respondent.*[1]

[1] INFANTS (16)—JUVENILE OFFENDERS—PUNISHMENT.  Under the
juvenile court law, Rem. Comp. Stat., § 1987-12, leaving it to the
discretion of the trial court to order the prosecution of a minor
under the age of eighteen for the commission of crime, the pro-
visions for the probation and reformation of delinquents under
the age of eighteen years constitutes no bar to a prosecution
of a minor after becoming eighteen years of age, although under
that age when the crime was committed.

[2] RAPE (12)—INDICTMENT AND INFORMATION—FEMALE UNDER AGE
OF CONSENT—AGE OF DEFENDANT.  Rem. Comp. Stat., § 2436 de-
fining statutory rape as (1) carnally knowing any female child
under the age of eighteen years, not the accused's wife, and (2)
sexual intercourse with any male child under the age of
eighteen, not the accused's husband, renders the accused liable,
irrespective of his own age.

Appeal from an order of the superior court for
Kittitas county, Davidson, J., entered December 28,
1926, dismissing a prosecution for carnal abuse of a
female child, upon sustaining a demurrer to the in-
formation.  Reversed.

*Arthur McGuire* and *Joseph Hovey,* for appellant.
*E. K. Brown,* for respondent.

MITCHELL, J.—By an information filed in the su-
perior court on December 18, 1926, Harvey Melvin was
charged with the crime of carnally knowing and abus-
ing a female child, naming her, of the age of eleven
years, on October 15, 1926, she not being the wife of
Harvey Melvin.  The information further alleged that
the defendant was born on December 8, 1908.  The
trial court sustained a demurrer to the information,

[1]Reported in 258 Pac. 859.

and the state has appealed from an order thereon dismissing the action.

The information was filed two months and three days after the date on which it was alleged the crime was committed. Between those dates, the respondent became eighteen years of age. The trial court sustained the demurrer on two grounds: (1) that the respondent, being under eighteen years of age at the date of the alleged crime, could not be prosecuted under the criminal law and that such case, when the crime was committed, was cognizable only under the provisions of the juvenile court law, ch. 190, Session Laws of 1909, p. 668, Rem. Comp. Stat., §§ 1987-1 to 1987-18, and, since he was more than eighteen years of age when the information was filed, the provisions of the juvenile court law no longer applied; and (2) that the facts charged did not constitute a crime. ·

[1]　The juvenile court law applies to children under eighteen years of age who are delinquent or dependent. There is nothing in the act which says or provides that its protective features are exclusive of its punitive ones in the consideration of cases involving delinquent children; on the contrary, those different ways of disposing of complaints against delinquent children are left to the discretion of the superior court which, by § 2, p. 669, of the act, is given jurisdiction of all cases coming within the terms of the act. In *State ex rel. Sowders v. Superior Court,* 105 Wash. 684, 179 Pac. 79, which was a case of a delinquent minor under sixteen years of age, this court, upon a review of the sections of the juvenile court law and quoting some of those sections, especially a portion of § 12, p. 674, said:

"From a careful consideration of the whole act, it is apparent that this act intends that children under the age of eighteen years who commit crime may, in the discretion of the juvenile court, be prosecuted under

the criminal law for the commission of such crimes. It follows that, if children may be prosecuted, they may be also sentenced under the criminal law.''

We think it follows, therefore, that the law which provides for protection and reformation or punishment within the discretion of the court, in the case of a delinquent minor proceeded against before he arrives at the age of eighteen years, constitutes no bar to a criminal action brought against him, after he becomes eighteen years of age, for an act committed prior to that age.

[2] The general demurrer to the information is also without merit, in our opinion. The statute upon which the information rests, Rem. Comp. Stat., § 2436 [P. C. § 9108], says:

· ''Every male person who shall carnally know and abuse any female child under the age of eighteen years, not his wife, and every female person who shall have sexual intercourse with any male child under the age of eighteen years, not her husband, shall be punished as follows:''

This statute is directed against two classes of persons, first, every male person who shall carnally know and abuse any female child under the age of eighteen years, not his wife; and second, every female person who shall have sexual intercourse with any male child under the age of eighteen years, not her husband. The argument in support of the demurrer is:

''Here the statute itself declares the respondent incapable of consent, and therefore incapable of committing the crime charged.''

In our opinion the statute does not declare either. The first part of it speaks of every male person, that is irrespective of age, who shall carnally know and abuse any female child under eighteen years of age, not his wife. It says nothing whatever about the

consent of the female child under eighteen years of age, nor of her capacity for committing the crime. Likewise, the second part of the section speaks of every female person, that is irrespective of age, who shall have sexual intercourse with any male child under the age of eighteen years, not her husband. It does not say anything about the consent of the male child under eighteen years of age, nor about his capacity to commit the crime. We must readily ascribe to the legislature the knowledge that a boy or girl, just under eighteen years of age, knows right from wrong; indeed, by Rem. Comp. Stat., § 2257 [P. C. § 8692], the legislature has by implication said that all persons over twelve years of age are presumed to be capable of committing crime.

What the legislature has virtually said by this statute against sexual intercourse is, that the male or female, as the case may be, who is prosecuted, is guilty, where the other one involved in the transaction is under the age of eighteen years, whether the act of intercourse is with or without the consent of that other. It fixes an age below which consent to the act of sexual intercourse is immaterial, so far as it bears upon the guilt of the other party to the act. *Ex parte Nesson,* 25 S. D. 49, 125 N. W. 124, 27 L. R. A. (N. S.) 872, and note.

Reversed, with directions to set aside the judgment of dismissal and overrule the demurrer.

MACKINTOSH, C. J., MAIN, FULLERTON, and FRENCH, JJ., concur.