[Crim. No. 4757.   Second Dist., Div. Two.   Mar. 13, 1952.]

THE PEOPLE, Respondent, v. GEORGE W. WHEELER, Appellant.

Alexander L. Oster for Appellant.

Edmund G. Brown, Attorney General, and Stanford D. Herlick, Deputy Attorney General, for Respondent.

MOORE, P. J.—Appellant was convicted of having issued in Los Angeles a worthless check drawn upon a branch bank at Colton. He wrote and signed the check in the presence of the lady who had served him in a department store, and delivered it to her. He gave as his address one that did not exist. After having waited 30 minutes for the check to be verified, he was led away by the house detective. In his interview with the arresting officer he stated that he had an account with the bank despite the advices from the Colton institution. He explained the false address he had given the saleslady with the declaration that he thought that was the correct address of his brother-in-law who lived in that vicinity. In explanation of his statement that he had given the Pacific Fruit Express as his place of employment he told the officer that he had been discharged two or three weeks previously. However, no record was found of his ever having been there employed. He persisted in his statement that he had a balance of $25 in the bank named. He maintained that he had drawn the check for a wedding ring for the reason that he intended to be married "over the weekend."

At his trial he testified that he made his first deposit in the bank in 1932 and the last in 1940; that he knew of no other deposits and did not know how much he had to his credit on May 31, 1951, when he delivered the sterile document to the Los Angeles merchant for two wedding rings and a diamond of the aggregate value of $173.51. He had "some money" but not quite the amount of his purchase; intended to take the jewelry in exchange for the check; expected the check to be paid "by arrangement with" the bank; was under the influence of liquor; did not intend to defraud the store; made his last deposit in 1940 in the same name signed on the check but could not recall the amount; had been convicted of three prior felonies.

The witness Blessent, assistant cashier, testified that there was no arrangement for extension of credit to anyone of appellant's name; that he had made a vain search of the bank's records from 1930 through July 23, 1951, for an account in appellant's name; that he made a search of the file of rejected loans.

The arresting officer testified that appellant was not intoxicated.

Appellant demands a reversal upon the grounds of (1) error in admitting hearsay evidence to establish that he had no credit arrangement with the bank and (2) insufficiency of the evidence to support the judgment.

## The Evidence Is Competent

After Mr. Blessent had testified that he had been unable to find an account with appellant on the bank's records during the preceding 21 years there was neither objection to, nor motion to strike, the testimony. After the witness had testified that no arrangements for credit had been made with the bank, that he had checked the bank records and had asked all the lending officers, appellant's motion to strike the answer was based upon no ground going to its relevancy or competency and was therefore properly denied. ■ Since no valid objection was made in the court below to either question, appellant is foreclosed of the right now to complain even if there had been a legal objection available though not interposed. (*People* v. *Calliham*, 81 Cal.App.2d 928, 933 [185 P.2d 342].) It is commonplace that an objection to a question must be timely and that the unfriendly answer must be followed by a motion to strike it. Advantage on appeal can be taken of a ruling at the trial only after the trial court's attention has been directed to the specific subject matter deemed improper. (*People* v. *Larrios*, 220 Cal. 236, 247 [30 P.2d 404].)

However, there was no valid objection to the inquiry. ■ The assistant cashier knew those who arranged credit on behalf of the bank. Having searched the records of rejected loans and consulted those who pass upon applications for loans, the witness was qualified to testify that appellant had made no arrangement for credit. (Code Civ. Proc., § 1855(5); *People* v. *Menne*, 4 Cal.App.2d 91, 107 [41 P.2d 383]; *People* v. *Kawano*, 38 Cal.App. 612, 614 [177 P. 174].)

## Evidence Sufficient

■ There is no hiatus in the evidence offered to prove appellant's violation of section 476a of the Penal Code.[1] He

[1] "Any person who for himself or as the agent or representative of another or as an officer of a corporation, willfully, with intent to defraud, makes or draws or utters or delivers any check, or draft or order upon any bank or depositary, or person, or firm, or corporation, for the payment of money, knowing at the time of such making, drawing, uttering or delivering that the maker or drawer or the corporation has not

made, uttered and delivered the check, knowing he had no funds in the bank on which he drew the check. That he had no credit arrangement was established by the assistant cashier. That he intended to take merchandise valued at $173 in exchange for the check amply proves his fraudulent intent. In addition thereto, he gave fictitious addresses for his home and his place of work, gave false answers to the officers and testified to an imaginary account with the bank and of deposits that were never made, and insisted that he was under the influence of liquor at the time of his offense.

A conviction of crime will not be reversed unless upon no hypothesis whatever is the judgment supported. (*People v. Newland,* 15 Cal.2d 678, 681 [104 P.2d 778]; *People v. Shafer,* 101 Cal.App.2d 54, 58 [224 P.2d 778].)

*People v. Frey,* 165 Cal. 140 [131 P. 127], is not pertinent. The only evidence of the nonexistence of an account there was the returned check bearing the notation "no account." Such a notation was hearsay and on no theory was it competent to prove there was no sum on deposit and that no credit had been arranged. After the Frey decision the Legislature made "notice of protest" admissible as proof of insufficiency of funds or credit. (Stats. 1929, p. 1940; see *People v. Bullock,* 123 Cal.App. 299, 303 [11 P.2d 441].) But neither the content nor form of a notation or notice is here involved. Appellant was apprehended in the very act of achieving his intention.

*People v. Becker,* 137 Cal.App. 349 [30 P.2d 562], is not applicable. It is authority for allowing one so accused to present evidence of his intent. Appellant was in no sense

---

sufficient funds in, or credit with said bank or depositary, or person, or firm, or corporation, for the payment of such check, draft or order, in full upon its presentation, although no express representation is made with reference thereto, is punishable by imprisonment in the county jail for not more than one year, or in the state prison for not more than fourteen years.

"*Protest.* Where such check, draft or order is protested, on the ground of insufficiency of funds or credit, the notice of protest thereof shall be admissible as proof of presentation, nonpayment and protest and shall be presumptive evidence of knowledge of insufficiency of funds or credit with such bank or depositary, or person, or firm, or corporation.

" '*Credit*' *defined.* The word 'credit' as used herein shall be construed to mean an arrangement or understanding with the bank or depositary or person or firm or corporation for the payment of such check, draft or order.

"*Constitutionality.* If any of the preceding paragraphs, or parts thereof, shall be found unconstitutional or invalid, the remainder of this section shall not thereby be invalidated, but shall remain in full force and effect."

restricted in his attempt to disprove a fraudulent intent. He testified that he did not intend to defraud the merchant and was not denied the privilege of calling others to the stand.

The proof is abundant. The assistant cashier proved that appellant had no account at the bank. (*People* v. *Menne, supra*, 104; *People* v. *Sheridan*, 136 Cal.App. 675, 685 [29 P.2d 464].) ▮ Presentment of the check to the bank was not necessary. (*People* v. *Ekberg*, 94 Cal.App.2d 613, 616 [211 P.2d 316]; *In re Harper*, 17 Cal.App.2d 446, 447 [62 P.2d 390].) His fraudulent intent is proved by his passing the check for a thing of value. (Pen. Code, § 476a; *People* v. *Megladdery*, 40 Cal.App.2d 643, 649 [105 P.2d 385]; *People* v. *Boyce*, 87 Cal.App.2d 828, 829 [197 P.2d 842].) That he did not gain possession of the coveted jewels is no credit to him. He brazenly carried his criminal scheme as far as he could. He uttered the check for things of value and would have received them but for the cunning of the intended victim. The plea of drunkenness is unavailing. Inebriation at the time of the offense is refuted by the implied finding that he entertained a fraudulent intent.

Judgment affirmed.

McComb, J., and Fox, J. concurred.