[Crim. No. 5706.   Second Dist., Div. Two.   Mar. 1, 1957.]

THE PEOPLE, Respondent, v. GARY MANN, Appellant.

Gray, Glass, Allen & Ransom and Karl K. Ransom for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

MOORE, P. J.—Convicted by the court of rape as defined by subdivision one of section 261, Penal Code, appellant was

committed to the youth authority. His motion for a new trial having been denied, he demands a reversal on the ground that the court required the prosecutrix "to give testimony which might tend to incriminate her." He contends (1) that the witness had the right to refuse to testify as provided in the state and federal Constitutions; (2) that when the witness was forced to answer, her testimony was illegally obtained.

Prosecutrix was born January 6, 1939. On November 29, 1955, having completed her visit at the home of a girl friend in Lomita about 10 p. m., she answered the honk of an automobile horn by looking from the front door. She saw four men in the automobile who had come for another girl that was not present. One of them asked whether they could give her a lift on her way home. She entered the car and occupied the back seat beside appellant. Instead of driving to her home, the driver proceeded to the Palos Verdes Hills. She told them she "had to go home to go to work the next day . . . I have to get up at 6:30 in the morning so take me home." After they had talked for a while in the hills, they drove to a slough in the rear of Harbor Junior College about midnight. Three of the boys left. She was then alone with appellant. She there had an act of sexual intercourse with him. She was married December 11, 1955.

At the time the prosecuting attorney inquired as to the act of intercourse, appellant's counsel requested the court to advise the witness that she need not testify to "any fact which she feels might incriminate her . . . Article I, section 13, of the Constitution of California is sufficiently inclusive to allow a witness to take immunity even though the only punishment might be that of being filed on in the juvenile court . . . she might be filed upon under one of the subdivisions of Section 647, the vagrancy section of the Penal Code."

On appeal, the same contentions are renewed and additional authorities from this and other states are cited. (*Ex parte Nesson*, 25 S.D. 49 [125 N.W. 124, 126, 27 L.R.A. N.S. 872]; *In re Sadleir*, 97 Utah 291 [85 P.2d 810, 812]; *State ex rel. Atty. General* v. *Simmons Hardware Co.*, 109 Mo. 118 [18 S.W. 1125, 15 L.R.A. 676]; *State* v. *Melvin*, 144 Wash. 687 [258 P. 859]; *State ex rel. Sowders* v. *Superior Court*, 105 Wash. 684 [179 P. 79].) Such authorities are readily distinguishable. They do not bear upon the question of whether a prisoner accused of rape may resist the answers

of the prosecutrix because of detriment she might suffer by confessing her participation in the crime. That question was settled by this court 35 years ago by *People* v. *Gonzales,* 56 Cal.App. 330 [204 P. 1088]. At the trial of that case, the prosecutrix on the witness stand objected to being required to narrate the facts on the ground that by doing so she would incriminate herself. On appeal, appellant contended that the witness had the right to refuse to testify and that if she was compelled to do so it was error of which he had the right to complain. The court rejected such contention with the observation that conceding her claim to be correct, the error was not committed as against the accused and was not a matter about which he might complain. "The testimony was relevant and competent when given and . . . was proper to be considered by the jury." (*People* v. *Gonzales, supra,* p. 331; *People* v. *Judson,* 128 Cal.App. 768, 773 [18 P.2d 379].)

Appellant contends also that by reason of the court's violation of the prosecutrix' guaranty of the privilege against self-incrimination, her answer may not be used against him, citing *People* v. *Cahan,* 44 Cal.2d 434 [282 P.2d 905]. That decision is not authority for appellant's contention. In effecting alterations of the rule against unreasonable searches and seizures, the Supreme Court was motivated by what it deemed to be lawless enforcement of the law by enforcement officers. It was concluded by the court that such practice of lawless enforcement, that is the making of unreasonable searches and seizures, could not be deterred except by a rule excluding evidence secured by searches and seizures which violated constitutional rights. Also, in order to prevent unreasonable searches and seizures, and because "other remedies have completely failed to secure compliance with the constitutional provisions" the court extended the rule of exclusion so as to discourage searches and seizures which violated the constitutional guaranties of parties other than the defendant. (*People* v. *Martin,* 45 Cal.2d 755, 760 [290 P.2d 855].)

The purpose for which the rule of exclusion was adopted, to wit, to deter police from making unreasonable searches and seizures, was not intended to justify the exclusion of evidence secured by requiring a mere witness to give testimony which may tend to incriminate him. Good reason; no flagrant abuses of the privilege of freedom from self-incrimination appear to have annoyed either the highest court of this State or of the United States Supreme Court. Remedies for correcting the erring ways of trial courts are of long

standing and readily available. (See *People* v. *Gonzales, supra,* 56 Cal.App. 330.

In the case at bar, the behavior of the trial judge when appellant entered his objection is a model of judicial response to a claim that human rights are about to be ignored. His patience, his eagerness to learn from counsel on both sides and his deliberate, thoughtful treatment of the problem dispel every similarity to facts of *Rochin* v. *California,* 342 U.S. 165 [72 S.Ct. 205, 96 L.Ed. 183, 25 A.L.R.2d 1396], and of *People* v. *Cahan, supra.*

Furthermore, appellant saw the finish of his trial without a mention of the Cahan rule. He first attempted to inject it as a defense on his motion for a new trial when the argument raged about whether the witness was subject to prosecution under section 647.5 of the Penal Code. Inasmuch as appellant did not make the precise objection that the prosecutrix' testimony was inadmissible under the Cahan decision, the reviewing court will not consider such objection. (*People* v. *Wheeler,* 109 Cal.App.2d 714, 716 [241 P.2d 276]; *People* v. *Lindsey,* 90 Cal.App.2d 558, 567 [203 P.2d 572]; *People* v. *McCauley,* 45 Cal. 146, 148.)

The judgment and the order denying the motion for a new trial are affirmed.

Fox, J., and Ashburn, J., concurred.