[Crim. No. 1594. Fourth Dist. Dec. 4, 1961.]

THE PEOPLE, Plaintiff and Respondent, v. OSSIE HANSON, Defendant and Appellant.

George H. Chula and Robert W. Mueller for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Matthew M. Kearney, Deputy Attorney General, for Plaintiff and Respondent.

GRIFFIN, P. J.—Defendant-appellant was charged in count one of an information that on April 3, 1960, he violated Penal Code, section 288a, involving one Jackie L— W—. In count two he was charged with a violation of Penal Code, section 288, on April 3, 1960. In count three, he was charged

with a violation of Penal Code, section 288, involving a child named Richard L— W— on September 2, 1960.

A preliminary hearing was held on these charges on September 30, 1960, and continued to October 26 when additional evidence was taken. At the first hearing, the only evidence taken was that of Richard (aged 11), the alleged victim mentioned in count three. On October 26, the only testimony taken was that of Jackie, the alleged victim mentioned in counts one and two. Defendant was held to answer on all charges. On November 4, 1960, the information was filed. Defendant pleaded not guilty and waived a jury trial. On January 30, 1961, the attorney for defendant moved the superior court to dismiss all three counts on the ground that unauthorized persons were allowed to be present during the taking of testimony at the preliminary hearing (Pen. Code, § 868) over objections of counsel that defendant's rights had been violated, citing *People* v. *Elliott,* 54 Cal.2d 498 [6 Cal.Rptr. 753, 354 P.2d 225] ; *People* v. *Prizant,* 186 Cal.App.2d 542 [9 Cal. Rptr. 282].

On the hearing of the motion, it was acknowledged by counsel for the People that during all the testimony taken on October 26 pertaining to Jackie, mentioned in counts one and two, the officer who signed the complaint was present during her testimony. After hearing the motion, the court, in view of the agreed facts, dismissed counts one and two under Penal Code, section 868.

On the motion pertaining to count three, the court took testimony and determined that no unauthorized persons were present at the September 30 preliminary hearing and denied defendant's motion as to that count. After two days of trial, defendant was found guilty by the court on count three.

Defendant, on this appeal from the judgment, claims the court prejudicially erred when it refused to dismiss count three on the grounds alleged; that for the purpose of compliance with Penal Code, title 3, chapter 7, a preliminary hearing is not a divisible thing and cannot be compartmentalized by days or witnesses, and any violation in part "taints" all the proceedings. It is also contended that when the statute (Pen. Code, § 868) is violated, no showing of actual prejudice is required and prejudice must be presumed, citing *People* v. *Byrnes,* 84 Cal.App.2d 72, 79 [190 P.2d 290] ; *People* v. *Elliott, supra,* 54 Cal.2d 498, 505; *People* v. *Prizant, supra,* 186 Cal.App.2d 542.

It was agreed between counsel that no part of the evidence taken at the October 26 hearing pertained to count three of the information. There was a disagreement between counsel as to whether or not any unauthorized personnel were present at the hearing on September 30 and the court took evidence on that point. Following the examination of witnesses, the court ruled that section 868 was complied with at the hearing on September 30 and that there is nothing to indicate that any unauthorized personnel were present at that time. Motion to dismiss as to count three was denied.

By an amendment to Penal Code, section 868 in 1961, "the investigating officer" is one coming within the exception, which gives some force to the contention, as expressed in the dissenting opinion in *People* v. *Prizant, supra,* 186 Cal.App. 2d 542, that a defendant should not be prejudiced by reason of his presence, even in the face of objections, particularly where he is already in possession of all of the evidence that would probably be produced at the preliminary examination. In the *Elliott* case, the person allowed to remain, over objections, was a newspaper man and the argument in favor of the rule would there be more applicable. ■ However, we conclude from the facts in the instant case that section 868 was not violated as to count three. No investigating officer, nor any other unauthorized person, was present at the time of the preliminary hearing on that count. The several counts could well have been based on separately filed complaints and defendant held to answer on each. The third count was a separate and distinct charge and involved a charge on a different date, namely, September 2, 1960, and was predicated upon a crime committed upon Richard, who was in no way involved in the complaint wherein Jackie was the victim. To hold that defendant was prejudiced thereby and entitled to a dismissal as to count three would be carrying the rule beyond its true purpose. See Fourth Report of the New York Commission on Practice and Pleading (1848), headed by David Dudley Field, cited in Geis, *Preliminary Hearings and the Press,* 8 U.C.L.A. Law Review 397, 407, 408.

■ Defendant next complains because, following his testimony, he was asked by his own attorney if he had ever been arrested before or had ever been in jail prior to this incident. He answered "no." On cross-examination, he was asked if he had ever been convicted of a felony and he answered in the negative. Following the night recess, he was again asked the question and he then admitted that he had been convicted of a

felony, writing a bad check for 10 or 15 dollars. Counsel for defendant then asked defendant if he had served time and he said he was sentenced to a year and served 10 months; that he was convicted in Minnesota and taken to North Dakota to serve time. (The name of the institution is not indicated.) Defendant then stated that he did not know the difference between a felony and a misdemeanor.

Defendant now claims upon this showing it was incumbent on the People to produce the record of conviction of a felony, if any. We see no merit to this contention. Defendant admitted that he had been convicted of a felony and then changed his testimony to show a lack of knowledge as to whether it was a felony or a misdemeanor. After the admission of a conviction on a felony, the burden of further proof by the People is unnecessary. (*People* v. *Kepford,* 52 Cal.App. 508 [199 P. 64]; *People* v. *Linyard,* 151 Cal.App.2d 50, 55 [311 P.2d 57].) The credibility of the defendant's testimony was a question for the trial judge to determine.

Defendant next complains because the trial court refused to advise the alleged victims and their parent that they had a right to refuse to testify on the grounds that their testimony could degrade them and under the Fifth Amendment to the Constitution of the United States they could not be compelled to testify, citing 58 American Jurisprudence section 80, pages 69-70. Under that authority, it is said:

''There is ordinarily no positive rule of law which requires a court to apprise a witness of his right not to give self-incriminating evidence, and error cannot be founded on a failure to do so. Fair and impartial judges frequently in proper cases notify witnesses of their rights in this regard when the need appears.''

Under the facts here related, and since no request came from the witnesses, the trial court was authorized to deny the request of defendant's counsel. The error, if any, was not one committed against the defendant and was not a matter about which he could complain. (*People* v. *Gonzales,* 56 Cal. App. 330 [204 P. 1088]; *People* v. *Leavitt,* 127 Cal.App. 394, 396 [15 P.2d 894]; *People* v. *Mann,* 148 Cal.App.2d 851 [307 P.2d 684].)

Defendant claims prejudicial error in the reception into evidence of a certain signed statement of admissions by defendant. He claims he signed it while under arrest without a warrant and without excuse for the failure to secure a warrant, citing *Mallory* v. *United States,* 354 U.S. 449 [77

S.Ct. 1356, 1 L.Ed.2d 1479]; the dissenting opinion in *Rogers* v. *Superior Court*, 46 Cal.2d 3, 11 [291 P.2d 929] and *Mapp* v. *Ohio*, 367 U.S. 643 [81 S.Ct. 1684, 6 L.Ed.2d 1081]. The record shows that defendant voluntarily accompanied the police officers to the station for questioning. Those officers had previous information from the children and the mother of the victims as to defendant's alleged actions with the children. Defendant testified that he believed he was under arrest at the time, although the officers did not tell him that he was. The signed statement read in part: "I hugged Richard and reached over and played with him outside of his clothing." Defendant claims he signed the admission under some promise of leniency, but the officers contradicted this testimony and said no promises or inducements were made to defendant and that he voluntarily signed the statement. The facts shown authorized reception of the signed statement into evidence. ▮ California has not adopted the federal rule that a confession made during a period of illegal detention is inadmissible. (*Rogers* v. *Superior Court, supra,* 46 Cal.2d 3; Witkin, California Evidence, § 249, p. 283; *People* v. *Teitelbaum* (1958) 163 Cal.App.2d 184, 210 [329 P.2d 157]; *People* v. *Grace,* 166 Cal.App.2d 68, 72 [332 P.2d 811].) It appears that the *Mapp* case is factually distinguishable and did not involve an illegal detention or a confession or admission.

On the witness stand, defendant testified generally and specifically that he went to bed with Richard; that he may have fondled Richard's private parts but he did not do this deliberately or to arouse his sexual desires or to gratify his own sexual feeling. He admitted touching and hugging Richard and squeezing his knee but claimed that it was without any wrongful purpose.

Thereafter the prosecution produced the testimony of Rosalie W——, aged 12, who said she went with defendant to Knott's Berry Farm before the occasion here charged and while seated in a truck defendant fondled her private parts with his fingers and exposed his private parts to her and placed her hand upon them. On another occasion, while in the bed at the W—— home, similar acts took place with Rosalie. Defendant had been previously questioned by the prosecutor about this conduct. He refused to answer on the ground that it might tend to incriminate him. Defendant claims that this testimony of Rosalie was not admissible against him.

*People* v. *Goff,* 100 Cal.App.2d 166 [223 P.2d 27]; *People*

v. *Harrison,* 46 Cal.App.2d 779, 785 [117 P.2d 19] ; *People* v. *Westek,* 31 Cal.2d 469 [190 P.2d 9] ; and *People* v. *Knight,* 62 Cal.App. 143 [216 P. 96], sufficiently dispose of this claim.

The general rule is that when a defendant, testifying in his own behalf, acknowledges the physical touch of a child but asserts his innocent intent, he definitely places in issue the necessary element of intent and the prosecution may then introduce evidence that the defendant had committed similar offenses upon a person or persons *other than the prosecuting witness* in order to rebut the testimony of the defendant on the point material to the establishment of his guilt of the crime charged.

Defendant then argues that the testimony of Rosalie was inadmissible because taken in the presence of her mother, over defendant's objections, and without precautionary notice of her right to refuse to testify under the Fifth Amendment of the United States Constitution. The mother of Rosalie was not a witness after Rosalie testified. Code of Civil Procedure, section 2043, provides for the exclusion of certain witnesses from the courtroom under given conditions. Penal Code, sections 867-868, apply to preliminary examinations and not to the trial. A motion to exclude witnesses during the trial is not a matter of right, but rests in the sound discretion of the trial court. (*People* v. *Guy,* 191 Cal. App.2d 714 [13 Cal.Rptr. 17].) See also *People* v. *Kelly,* 195 Cal.App.2d 669 [16 Cal.Rptr. 177] ; *People* v. *Garbutt,* 197 Cal. 200, 206 [239 P. 1080].

Lastly, defendant contends that the evidence of defendant's guilt was not sufficiently shown when weighed against the presumption of innocence. Without a recitation and repetition of the testimony of the boy, Richard, who was in the sixth grade in school, the facts fully justify a conviction on the charge made. His testimony was that he met defendant when they were both patients in a hospital; that at home he (Richard) and his little brother slept in their garage; that on or about September 2, 1960, defendant came into the garage, lay on the bed next to Richard and defendant then told his brother to go into the house, and that defendant then started playing with Richard's private parts and then defendant gave Richard a dime and told him not to tell anybody; that thereafter, on the same day, on a ride with defendant in a car, defendant had Richard commit similar acts with him. Defendant admitted certain of these acts but in-

dicated that Richard was the aggressor and that he tried to stop him.

We conclude that the trial court was authorized to accept the testimony of the children involved as being competent to testify. (*People* v. *Meraviglia,* 73 Cal.App. 402, 410 [238 P. 794]; *People* v. *Trolinder,* 121 Cal.App.2d 819 [264 P.2d 601].) The evidence was sufficient to support the charge. (*People* v. *Harrison, supra,* 46 Cal.App.2d 779; *People* v. *Newland,* 15 Cal.2d 678 [104 P.2d 778].)

Judgment affirmed.

Shepard, J., and Coughlin, J., concurred.