[Crim. No. 7703. Second Dist., Div. Four. Jan. 18, 1962.]

THE PEOPLE, Plaintiff and Appellant, v. JAMES ALTON JORDEN, Defendant and Respondent.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, William B. McKesson, District Attorney, Harry Wood and Harry B. Sondheim, Deputy District Attorneys, for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

JEFFERSON, J.—The People appeal from an order granting defendant's motion to set aside an information charging defendant with issuing a check without sufficient funds, in violation of Penal Code section 476a in four counts.

On June 6, 1961, the People, appellant herein, filed an opening brief. On November 29, 1961, respondent, hereinafter referred to as "defendant," was given the notice as specified in rule 17(b), Rules on Appeal. Defendant has not filed a brief or a request for hearing as provided in the Rules.

Dorothy Bowen, employed as a cashier at the Sheraton-West Hotel located in Los Angeles, received the checks marked as People's Exhibits 1 through 4 from defendant between the period October 1, 1960, and October 3, 1960. Defendant filled out all of these checks in her presence and in return for the checks she gave defendant cash which totalled $625.

Robert Ryburn, a witness, was an assistant cashier for the First Western Bank and Trust Company and had access to the books and records of the Santa Maria office of that bank. He testified that he made a search of the books and records of the Santa Maria office of that bank and discovered there was an account in the name of Tim Troy which was closed on September 7, 1960, and that notice was given to the depositor by means of a standard bank form dated September 7, 1960, which stated: "This is to advise you that we have this day charged your account at this bank $133.48 as follows; sending you a balance of account because of unsatisfactory relationship." The copy of this letter, which was retained by the bank, shows that it was addressed to the same address that is set forth in People's Exhibits 1 through 4. Along with this letter, a cashier's check in the amount of $133.48 was made out to Tim Troy. This check was deposited to the credit of the payee Troy by the Central Savings and Loan Association and then deposited by it to its account at the Bank of America, San Luis Obispo. The First Western Bank, Santa Maria, was charged with the face amount of that check. It was further testified there was no arrangement for credit under the name of Tim Troy on or about the date, October 1, 2 or 3, 1960.

 The evidence in the reporter's transcript of the preliminary hearing shows that defendant issued four checks and that he did not have sufficient funds in the bank at the time he negotiated them for cash. His account had been closed and he had made no arrangement for credit.

The evidence further shows that he had knowledge of the fact that he did not have sufficient funds at the time the checks were cashed by the cashier at the Sheraton-West Hotel and that prior to the issuance and delivery of the checks (as set forth in counts one, two, three and four) defendant had already received the proceeds of the check which closed out his bank account and had deposited it to himself at another bank.

 As stated in *People* v. *Wheeler*, 109 Cal.App.2d 714, 718 [241 P.2d 276]:

"Presentment of the check to the bank was not necessary. [Citations.]"

 The evidence in this case is sufficient to sustain the committing magistrate in his findings that the crime of issuing a check without sufficient funds had been committed.

 The essential elements of the offense of a violation of section 476a of the Penal Code consist of the drawing or issuing of a check or draft with knowledge that at the time of such drawing the drawer has insufficient funds in, or credit with the bank to meet the payment upon presentation and such check is drawn or issued with the intent to defraud the payee or other person. The evidence was sufficient to warrant an inference that defendant intended to defraud the payee.

As stated in *People* v. *Yrigoyen*, 45 Cal.2d 46, 49 [286 P.2d 1]: "The evidence is sufficient to show that there were not enough funds in the account when the check in question was issued or presented and that no credit arrangement was made for its payment. It can be inferred that defendant knew the depleted condition of the account, and, under the circumstances, the record supports the implied finding that he issued the check with intent to defraud ... (*People* v. *Wallin*, 34 Cal. 2d 777, 780 [215 P.2d 1]; *People* v. *Rose*, 9 Cal.App.2d 174, 175-176 [48 P.2d 1009]; see *People* v. *Boyce*, 87 Cal.App.2d 828, 829-830 [197 P.2d 842].)"

The order granting the motion under Penal Code section 995 is reversed as to all counts.

Burke, P. J., and Balthis, J., concurred.